UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

JAMES P. MHINA,

                                    Plaintiff,                  5:22-cv-427 (BKS/ML)

v.

CITIZENS BANK, N.A., et al.,

                                    Defendants.

_____

**Appearances:**

*Plaintiff pro se:*
James P. Mhina
Syracuse, NY 13204

*For Defendant Citizens Bank, N.A.:*
Geoffrey W. Millsom
Brenna Anatone Force
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

*For Defendants Woodhaven Apartments and Vinod Luthra:*
John C. Nutter
Woods Oviatt Gilman LLP
1900 Bausch & Lomb Place
Rochester, NY 14604

*For Defendants City of Syracuse, Anthony Collavita, and David Burske:*
Susan R. Katzoff
Corporation Counsel, City of Syracuse
Danielle R. Smith
Sarah M. Knickerbocker
Assistant Corporation Counsel
300 City Hall
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

Pro se plaintiff James P. Mhina brings this action against fourteen Defendants: (1) Citizens Bank, N.A.; (2) Bank of America, N.A.; (3) Key Bank, N.A.; (4) Woodhaven Apartments and Vinod Luthra, "President, C.E.O. Woodhaven Apartment" (together, the "Woodhaven Defendants"); (5) John Cruize, "V.P. Security, Key Bank"; (6) Onondaga County; (7) Beth VanDoren, "A.D. Attorney, Onondaga County"; (8) Cathleen Nash, "C.E.O., President of Citizens Bank"; (9) Amy Bidwell, "Bank of America Bank Branch Manager"; (10) City of Syracuse, Syracuse City Police Detective Anthony Collavita, and Syracuse City Police Detective David Burske (together, the "City Defendants"); and (11) Linda Mossulu, "V.P. Key Bank." (Dkt. No. 6 (amended complaint)).[1] Plaintiff's amended complaint appears to assert claims under 42 U.S.C. §§ 1983, 1985, as well as claims for "breached fiduciary duty, unjust enrichment, [and] breach of contract." (*Id.* at 13). Plaintiff seeks monetary damages of "$800.00 billion dollars" plus "$300 billion cash down payment for 20 years guarantee on 705 letters of credit." (*Id.* at 15). Presently before the Court are: (1) Citizens Bank's motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6), (Dkt. No. 28); (2) the Woodhaven Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), (Dkt. No. 33); (3) the City Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), (Dkt. No. 15); and (4) Plaintiff's motion for summary judgment, (Dkt. No. 18). The parties have filed responsive papers. (Dkt. Nos. 19, 20, 21, 22, 29,

---

[1] In a prior related case, *J. & W. Trading & Leasing Inc. v. Van Doren*, No. 15-cv-327 (GLS/ML) (N.D.N.Y. Mar. 20, 2015), Plaintiff named "John Cruse," the Vice President of Security for *Citizens* Bank as a defendant. (*See* Dkt. No. 15-8, at 6 n.5). In that action Plaintiff also named defendants with last names of "Colavita" and "Buske." (*Id.* at 5 n.4). The Court uses the spellings and positions Plaintiff uses in this lawsuit.

31, 43, 44). For the following reasons, the Court grants the three motions to dismiss and denies Plaintiff's motion for summary judgment.

## II.   BACKGROUND

### A.   Amended Complaint[2]

The amended complaint alleges that Defendants "violated their fiduciary duty and contracts" "to collect [Plaintiff's] 705 letters of credit very valuable, 20 years guarantee and $300.00 billion cash that [Plaintiff's] business associate had sent as down payment for the 20 years guarantee." (Dkt. No. 6, at 1, 6). Plaintiff alleges that Defendants violated his Fourteenth Amendment due process rights "for not collecting 705 very [illegible] letters of credit." (*Id.* at 13). He further alleges that Defendants conspired to bring "unfounded criminal charges by using wrong law and irrelevant evidence" in violation of 42 U.S.C. § 1985, his Fourteenth Amendment due process rights, and his right to a fair grand jury. (*Id.*). Finally, Plaintiff alleges that Defendants "falsely and fraudulently lied" before an Onondaga County grand jury and at Plaintiff's criminal trial in violation of Plaintiff's Fifth and Sixth Amendment rights. (*Id.*). Plaintiff alleges that his indictment was "dismissed on April 9, 2014 after spending 10 years in maximum security prisons of State of New York." (*Id.*).

Plaintiff seeks "monetary damages of total U.S. $800.00 billion dollars, for the total [illegible] 705 letters of credit, plus $300 billion cash down payment for 20 years guarantee on 705 letters of credit." (*Id.* at 15).

### B.   Prior Related Case: *J&W Trading*

In March 2015, Plaintiff commenced a lawsuit in this Court against substantially the same Defendants as in the instant matter. *J. & W. Trading & Leasing Inc. v. Van Doren*, No. 15-

---

[2] These facts are drawn from the amended complaint. The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations. *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).

cv-327 (GLS/ML) (N.D.N.Y. Mar. 20, 2015) ("*J&W Trading*"). Plaintiff alleged that he was prosecuted and convicted of several offenses which were overturned on appeal, and that several of his bank accounts were closed, which hurt his credit rating. *See J&W Trading*, Dkt. No. 11, at 2–3 (July 8, 2015). Ultimately, all of Plaintiff's claims were dismissed. *See id.*, Dkt. Nos. 11, 22, 115, 175, 215. Plaintiff appealed to the Second Circuit, which dismissed his appeal as "lack[ing] an arguable basis either in law or in fact." *Mhina v. Buske*, No. 20-cv-444, 2021 WL 5286679, at *1, 2021 U.S. App. LEXIS 34315, at *1 (2d Cir. May 13, 2021). Plaintiff then filed a petition for a writ of certiorari to the United States Supreme Court, which was denied. *Mhina v. Van Doren*, 142 S. Ct. 484 (2021).

### III. STANDARD OF REVIEW

#### A. Rules 12(b)(4) and 12(b)(5)—Insufficient Process and Insufficient Service of Process

"Objections to sufficiency of process under [Rule] 12(b)(4) must identify substantive deficiencies in the summons, complaint or accompanying documentation." *DiFillippo v. Special Metals Corp.*, 299 F.R.D. 348, 352–53 (N.D.N.Y. 2014) (citation omitted). A Rule 12(b)(4) motion properly challenges "noncompliance with the provisions of Rule 4(b) or any applicable provision incorporated by Rule 4(b) that deals specifically with the content of the summons." *Soos v. Niagara County*, 195 F. Supp. 3d 458, 462 (W.D.N.Y. 2016) (citation and internal footnote omitted).

A Rule 12(b)(5) motion, by contrast, "is the proper vehicle for challenging the mode of delivery or lack of delivery of the summons and complaint." *Id.* "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). "Absent consent, this means there must be authorization for service of summons on the

defendant." *Id*. A court "must look to matters outside the complaint to determine whether it has jurisdiction." *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). "When a defendant raises a Rule 12(b)(5) 'challenge to the sufficiency of service of process, the plaintiff bears the burden of proving its adequacy.'" *Mende v. Milestone Tech., Inc.*, 269 F. Supp. 2d 246, 251 (S.D.N.Y. 2003) (quoting *Preston v. New York*, 223 F. Supp. 2d 452, 466 (S.D.N.Y. 2002)). A plaintiff must, "through specific factual allegations and any supporting materials, make a prima facie showing that service was proper." *Kwon v. Yun*, No. 05-cv-1142, 2006 WL 416375, at *2, 2006 U.S. Dist. LEXIS 7386, at *6 (S.D.N.Y. Feb. 21, 2006) (citations omitted).

A dismissal under Rule 12(b)(4) or Rule 12(b)(5) "is not on the merits and has no res judicata effect." 5B C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1353 (3d ed.).

  **B.** **Rule 12(b)(6)**

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level." *Id*. (quoting *Twombly*, 550 U.S. at 555). The Court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint that has been filed pro se "must be construed liberally with 'special solicitude' and

interpreted to raise the strongest claims that it suggests." *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013) (quoting *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)). "Nonetheless, a pro se complaint must state a plausible claim for relief." *Id.*

## IV. ANALYSIS

The three motions to dismiss raise arguments for dismissal under Rules 12(b)(4), Rule 12(b)(5), and 12(b)(6). The Court first addresses arguments relating to insufficient process or service of process before turning to arguments going to the merits under Rule 12(b)(6). *See DiFillippo*, 299 F.R.D. at 352 ("As Defendants have raised a motion to dismiss under Rules 12(b)(2), 12(b)(4), 12(b)(5), 12(b)(6) and 12(c), the Court must first address the arguments concerning jurisdictional and service deficiencies . . . before addressing arguments as to the merits made under Rules 12(b)(6) and 12(c)."); *George v. Professional Disposables Int'l, Inc.*, 221 F. Supp. 3d 428, 442 & n.7 (S.D.N.Y. 2016) (noting that a Rule 12(b)(5) motion "go[es] to the Court's ability to exercise judicial power over the defendant" and therefore is ordinarily considered before any merits-based challenge).

### A. Citizens Bank's Motion to Dismiss

Citizens Bank moves to dismiss Plaintiff's claims against it (1) for insufficient process and insufficient service of process under Rules 12(b)(4) and 12(b)(5) and (2) as barred by res judicata, as time barred, and for failure to state a claim under Rule 12(b)(6). (*See generally* Dkt. No. 28-1). Citizens Bank argues that the process Plaintiff served on it is "clearly insufficient" for multiple reasons. (Dkt. No. 28-1, at 8).

According to Kevin Farrell, Litigation Manager at Citizens Bank, the Citizens Bank branch located on West Genesee Street in Syracuse received "certified mail" from Plaintiff on May 23, 2022. (Dkt. No. 28-2). The mailing contains only the first page of the summons, which is addressed to "Citizens Bank, N.A. et al., Attorneys Menter, Rubin, Trivelpiece, 125 E.

6

Jefferson Street, Syracuse, N.Y. 13202." (Dkt. No. 28-3, at 2).[3] The summons does not indicate in which District Court this action was filed, and it does not include Plaintiff's address. (*Id.*). The mailing does not include a true and complete copy of the amended complaint; rather, it contains "various pages of a version of the Complaint that [Plaintiff] does not appear to have filed with the Court." (Dkt. No. 28-1, at 5; *see* Dkt. No. 28-3, at 3–7). The pages contained in the mailing contain language and factual allegations that are not included in the amended complaint. (*Compare* Dkt. No. 28-3, at 6 (mailing alleging that, in or about 2005, the CEO and President of Citizens Bank "accepted and ordered her employees to enter into a fiduciary duty and signed legal contract to collect the 235 very valuable expensive letters of credit and US $100.00 billion down payment"), *with* Dkt. No. 6 (amended complaint)). Finally, the mailing includes a filing Plaintiff submitted in response to District Judge Gary L. Sharpe's order denying as moot Plaintiff's motion for summary judgment—which Plaintiff had filed the same day he filed the complaint. (Dkt. No. 28-3, at 8–17; *see also* Dkt. Nos. 4, 8, 11).

Federal Rule of Civil Procedure 4(a)(1) provides that a summons must, among other things, "name the court and the parties," "be directed to the defendant," and "state the name and address of the plaintiff's attorney or—if unrepresented—of the plaintiff." Fed. R. Civ. P. 4(a)(1). "A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1). Citizens Bank argues that it was served with insufficient process because the summons is "missing the second page, does not indicate that the case is pending in this Court," does "not list Plaintiff's address," and is "not directed at Citizens Bank, N.A." (Dkt. No. 28-1, at 8). Moreover, Citizens

---

[3] It appears that Plaintiff previously attempted to serve Citizens Bank with process by delivering documents to the Barclay Damon LLP law firm in Syracuse, which is located at 125 East Jefferson Street. (Dkt. No. 12). Partner Mitchell Katz informed the Court that Menter Rudin & Trivelpiece, P.C. "merged into" Barclay Damon LLP in August 2018, and that Barclay Damon LLP "is not authorized to receive service of process on behalf of Citizens Bank" and has "not been retained by Citizens Bank, N.A. with respect to this matter." (*Id.*).

Bank argues that it was not served with the "operative complaint," but rather with "pieces of an unfiled document and [Plaintiff's] response to the Court's order denying as moot his motion for summary judgment." (*Id.*). Plaintiff responds that Defendants are obligated under the Local Rules to notify the Court of all changes in address and to seek permission to withdraw as counsel, and that Plaintiff "never received a Court order informing him of the withdraw[al] or change of address or change of attorneys." (*See* Dkt. No. 31, at 3–6).

The Court agrees with Citizens Bank that the process served on it was insufficient and that Plaintiff's claims against it must be dismissed under Rule 12(b)(4).[4] While "minor or technical defects in a summons in certain circumstances do not render service invalid, defects that are prejudicial to the defendant or show a flagrant disregard for the rule do." *Soos*, 195 F. Supp. 3d at 463 (quoting *Osrecovery, Inc. v. One Grp. Int'l, Inc.*, 234 F.R.D. 59, 60 (S.D.N.Y. 2005)). The defects in the process served on Citizens Bank, taken together, amount to a "flagrant disregard" for the requirements of Rule 4, as the summons is incomplete, does not specify the Court, and does not include Plaintiff's address. Moreover, Plaintiff's failure to serve a true and accurate copy of the amended complaint renders process insufficient. *Cf. George v. N.Y. City Health & Hosp. Corp.*, No. 09-cv-3833, 2012 WL 1072274, at *2–3, 2012 U.S. Dist. LEXIS 44125, at *5–8 (E.D.N.Y. 2012) (dismissing complaint for insufficient service of process where the court found that "no complaint was ever served by plaintiff" on the defendant). Plaintiff's argument that Citizens Bank failed to notify the Court of a change in address or withdrawal of an attorney is unavailing, as the Local Rules he cites apply to attorneys of record in currently pending cases. *See* N.D.N.Y. L.R. 10.1(c)(2), 11.1. The *J&W Trading* case was closed in January

---

[4] Citizens Bank argues in a footnote that Plaintiff served it "via certified mail instead of complying with the requirements for service of a corporate entity" but does not develop this Rule 12(b)(5) argument further. (Dkt. No. 28-1, at 8 n.2).

2020, and Defendants were not obligated thereafter to inform Plaintiff of any changes in address or attorney. Thus, the Court dismisses Plaintiff's claims against Citizens Bank without prejudice under Rules 12(b)(4) and 12(b)(5).

### B. Woodhaven Defendants' Motion to Dismiss

The Woodhaven Defendants move to dismiss Plaintiff's claims against them on various grounds, including insufficient service of process, that Plaintiff has not sued the correct parties, statute of limitations, res judicata, and failure to state a claim to relief. (*See generally* Dkt. No. 33-10). The Woodhaven Defendants argue that Plaintiff's claims against them should be dismissed under Rule 12(b)(5) because Plaintiff's attempted service of process by United States Priority Mail to their counsel was improper under Rule 4. (*Id.* at 13–14).

John Nutter, counsel for the Woodhaven Defendants, received a package from Plaintiff on May 23, 2022. (Dkt. No. 33-1, ¶ 17 (Nutter Declaration)). Mr. Nutter received a Priority Mail envelope directed to him, which contained "the Complaint and Amended Complaint, along with a Summons for each pleading." (*Id.*; *see also* Dkt. Nos. 33-8, 33-9 (Priority Mail envelope and package contents)). It appears that the package contained select pages of the amended complaint, as well as Plaintiff's response to Judge Sharpe's order denying his first motion for summary judgment as moot. (Dkt. No. 33-9). The Woodhaven Defendants informed Mr. Nutter that "they never were served with the Summons, Complaint or Amended Complaint." (Dkt. No. 33-1, ¶ 18).

The Court agrees with the Woodhaven Defendants that service of process on them was insufficient. "As a general matter, 'service of process on an attorney not authorized to accept service for his client is ineffective.'" *Macon v. Corr. Med. Care, Inc.*, No. 12-cv-6150, 2015 WL 4604018, at *3, 2015 U.S. Dist. LEXIS 99808, at *7 (W.D.N.Y. July 30, 2015) (quoting *Santos v. State Farm Fire & Cas. Co.*, 902 F.2d 1092, 1094 (2d Cir. 1990)). Furthermore, "simply

9

serving in the capacity of attorney, or representing the client previously, does not render the attorney an agent for service of process." *Id.* (citation omitted). Here, service by Priority Mail on the Woodhaven Defendants' attorney, who is not an agent for service of process merely by serving as their attorney, is plainly insufficient under Rule 4(e) and Rule 4(h).

Accordingly, the Court dismisses Plaintiff's claims against the Woodhaven Defendants without prejudice for insufficient service of process and does not reach the Woodhaven Defendants' remaining arguments.

### C. City Defendants' Motion to Dismiss

The City Defendants move to dismiss Plaintiff's claims against them as barred by the doctrine of res judicata, as barred by the statute of limitations, and for failure to state a claim. (*See generally* Dkt. No. 15-8). Plaintiff responds that his claims for breach of fiduciary duty and breach of contract were "skipped" in the prior action and never "reviewed" or "presented" but does not respond to the City Defendants' other arguments. (*See generally* Dkt. No. 19). "[A] statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n.12 (2d Cir. 2014) (quoting *Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)). "Because the statute of limitations is an affirmative defense, Defendants carry the burden of showing that Plaintiff failed to plead timely claims." *Smith v. City of New York*, 1 F. Supp. 3d 114, 118 (S.D.N.Y. 2013). "Dismissing claims on statute of limitations grounds at the complaint stage 'is appropriate only if a complaint clearly shows the claim is out of time.'" *Id.* (quoting *Harris v. City of New York*, 186 F.3d 243, 250 (2d Cir. 1999)).

The Court concludes that all of Plaintiff's claims against the City Defendants are barred by the applicable statutes of limitations and therefore must be dismissed. Read liberally, Plaintiff's amended complaint asserts claims for breach of fiduciary duty, unjust enrichment,

breach of contract, deprivation of constitutional rights under Section 1983, and conspiracy under Section 1985. (*See* Dkt. No. 6). The claims appear to arise out of business transactions and conduct leading to Plaintiff's arrest and conviction, for which he "spen[t] 10 years" in prison before the indictment was dismissed on April 9, 2014. (*Id.* at 13); *see also People v. Mhina*, 110 A.D.3d 1445 (4th Dep't 2013) (reversing Plaintiff's judgment of conviction and remanding for a new trial). Thus, all of Plaintiff's claims accrued at the latest on April 9, 2014, more than eight years before he commenced this lawsuit on May 3, 2022. All of Plaintiff's claims, which are subject to a maximum limitations period of six years, are therefore untimely. *See Lucente v. County of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020) ("The statute of limitations for § 1983 actions arising in New York is three years."); *Paige v. Police Dep't of City of Schenectady*, 264 F.3d 197, 199 n.2 (2d Cir. 2001) (statute of limitations for Section 1985 claims is three years); *Murphy v. Morlitz*, 751 F. App'x 28, 30 (2d Cir. 2018) (summary order) ("Breach of fiduciary duty claims that seek money damages only are subject to a three-year statute of limitations; those seeking equitable remedies are subject to a six-year statute of limitations." (citation omitted)); *City of Almaty v. Sater*, 503 F. Supp. 3d 51, 64–66 (S.D.N.Y. 2020) (statute of limitations for unjust enrichment under New York law is three or six years); *Myers Indus., Inc. v. Schoeller Arca Sys, Inc.*, 171 F. Supp. 3d 107, 117 (S.D.N.Y. 2016) (statute of limitations for breach of contract is six years (citing N.Y. C.P.L.R. § 213(2))).

Accordingly, the Court grants the City Defendants' motion to dismiss Plaintiff's claims against them.

### D. Plaintiff's Motion for Summary Judgment

Plaintiff filed a motion for summary judgment on May 27, 2022, seeking a "court order for Defendants to pay for [Plaintiff's] property they stole from Plaintiff[]." (Dkt. No. 18). Because the Court grants the motions to dismiss Plaintiff's claims against Citizens Bank, the

Woodhaven Defendants, and the City Defendants, Plaintiff's motion is denied as moot to the extent it seeks summary judgment against those parties.

To the extent Plaintiff seeks summary judgment against the remaining eight Defendants who have not appeared this action, the motion is denied as procedurally improper. Plaintiff's motion appears to be a memorandum of law which contains various assertions of fact and citations to caselaw. (*See id.*). However, "[a] party asserting that a fact cannot be . . . genuinely disputed must support the assertion" by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). Plaintiff has not pointed to any record evidence which supports his assertions, and his motion is not sworn or verified. *See Lamoureux v. AnazaoHealth Corp.*, No. 03-cv-1382, 2010 WL 4875870, at *2, 2010 U.S. Dist. LEXIS 122831, at *8–9 (D. Conn. Nov. 18, 2010) (describing requirements of an affidavit and unsworn declaration). Moreover, Plaintiff failed to comply with Local Rule 56.1, which requires any motion for summary judgment to contain "a separate Statement of Material Facts." N.D.N.Y. L.R. 56.1(a). The moving party's failure to "submit an accurate and complete Statement of Material Facts shall result in a denial of the motion." *Id.* (emphasis omitted).

The Court therefore denies Plaintiff's motion for summary judgment.[5]

---

[5] Plaintiff filed second and third motions for summary judgment, (Dkt. Nos. 35, 39), which this Court denied without prejudice to Plaintiff's seeking permission to refile them following the Court's ruling on Plaintiff's first motion for summary judgment, (*see* Dkt. No. 41). Plaintiff filed a letter requesting permission to refile these motions. (Dkt. No. 45). The Court denies this request in light of Plaintiff's failure to file proof of service on the remaining Defendants, discussed *infra* Section IV.F.

### E.    Service on Citizens Bank and Woodhaven Defendants

"If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Here, Plaintiff has not shown good cause. *Cf. Amnay v. Del Labs*, 117 F. Supp. 2d 283, 285 (E.D.N.Y. 2000) (noting that "ignorance of the law, even in the context of pro se litigants, does not constitute good cause under Rule 4(m)" (brackets and citation omitted)); *Jordan v. Forfeiture Support Assocs.*, 928 F. Supp. 2d 588, 597–98 (E.D.N.Y. 2013) ("Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond [his] control." (citation omitted)).

However, "a district court may grant an extension in the absence of good cause." *Zapata v. City of New York*, 502 F.3d 192, 197 (2d Cir. 2007); *see DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010) ("Under Rule 4(m), the Court *must* extend the time to serve if plaintiff has shown good cause, and *may* extend the time to serve even in the absence of good cause." (citing Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendments)). "Factors relevant to the exercise of this discretion include, *inter alia*, the relative prejudice to the parties (including whether the action would be barred by the statute of limitations and whether defendant had actual notice of the suit) and whether there is a 'justifiable excuse' for the failure properly to serve." *Mares v. United States*, 627 F. App'x 21, 23 (2d Cir. 2015); *see also DeLuca*, 695 F. Supp. 2d at 66 ("In determining whether a discretionary extension is appropriate in the absence of good cause, a court considers the following four factors: (1) whether any applicable statutes of limitations would bar the action once refiled; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether defendant attempted to conceal the

defect in service; and (4) whether defendant would be prejudiced by extending plaintiff's time for service."). Here, in light of Plaintiff's failure to provide an adequate justification for his failure to serve the Citizens Bank and Woodhaven Defendants, his failure to file any proofs of service despite multiple reminders, and the fact that his claims are apparently time-barred, the Court declines to grant Plaintiff an extension of time to re-serve these Defendants. *See Deptula v. Rosen*, 558 F. Supp. 3d 73, 89 (S.D.N.Y. 2021) (declining to grant extension of time for service of process where the plaintiff did not articulate any "colorable excuse" for the failure to serve); *Kogan v. Facebook, Inc.*, 334 F.R.D. 393, 406 (S.D.N.Y. 2020) (declining to grant extension of time for service of process where, inter alia, the defendants "would be obliged to spend time, money, and resources litigating apparently time-barred claims").

### F. Remaining Defendants

Defendants Bank of America, N.A., Key Bank, N.A., John Cruize, Onondaga County, Beth VanDoren, Cathleen Nash, Amy Bidwell, and Linda Mossulu have not appeared in this matter.[6] Plaintiff has not filed proof of service as to any Defendant in this matter, despite multiple orders and reminders to do so. (*See* Dkt. No. 17 (directing Plaintiff to file timely proofs of service pursuant to General Order 25); Dkt. No. 24 ("Plaintiff is reminded and directed to timely file proofs of service as to all Defendants pursuant to General Order 25."); Dkt. No. 34 (directing Plaintiff to file proofs of service or a detailed status report addressing the completion of service by July 22, 2022)). Before this case may proceed further, Plaintiff must file proof of service on the remaining eight Defendants. Plaintiff is therefore directed to file, by November 18, 2022, (1) proofs of service as to the eight remaining Defendants or (2) a detailed status report

---

[6] On September 20, 2022, this Court received a letter from attorney Andrew Karamouzis of Moran Karamouzis LLP. (Dkt. No. 49). Mr. Karamouzis informed the Court that his office received a Priority Mail envelope from Plaintiff and that, while his firm represented KeyBank is a "prior related action brought by Plaintiff," it is "not authorized to accept service of process on behalf of KeyBank for this matter." (*Id.*).

addressing the completion of service upon these Defendants. **Plaintiff is hereby warned that his failure to comply with this Court order may result in sanctions, up to and including dismissal of his case.**

V.    **CONCLUSION**

For these reasons, it is hereby

**ORDERED** that Citizens Bank's motion to dismiss (Dkt. No. 28) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against Citizens Bank are **DISMISSED without prejudice**; and it is further

**ORDERED** that the Woodhaven Defendants' motion to dismiss (Dkt. No. 33) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against Woodhaven Apartments and Vinod Luthra are **DISMISSED without prejudice**; and it is further

**ORDERED** that the City Defendants' motion to dismiss (Dkt. No. 15) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's claims against the City of Syracuse, Anthony Collavita, and David Burske are **DISMISSED with prejudice**; and it is further

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED** that Plaintiff's request for permission to refile his second and third motions for summary judgment (Dkt. No. 45) is **DENIED**; and it is further

**ORDERED** that Plaintiff is directed to file, by November 18, 2022, (1) proofs of service as to the eight remaining Defendants or (2) a detailed status report addressing the completion of service upon these Defendants. **Plaintiff is hereby warned that his failure to comply with this**

**Court order may result in sanctions, up to and including dismissal of his case**; and it is further

    **ORDERED** that the Clerk of the Court is directed to serve this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

    **IT IS SO ORDERED.**

Dated: <u>November 1, 2022</u>
       Syracuse, New York

*/s/ Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge