U.S. DISTRICT COURT, NORTHERN
DISTRICT OF NEW YORK

JAMES P. MIHINA, PRO SE PLAINTIFF C.E.O.
OLD W. TRADING AND LEASING INC. ET AL
PLAINTIFF.

DOCKET NO: 5:22-CV-427 (BKS/ML)

—AGAINST—

CITIZENS BANK, N.A. ET AL.

DEFENDANTS/RESPONDENTS.

OMNIBUS MOTION PURSUANT TO
COURT RULE 56 FOR SUMMARY JUDGMENT
TO RECONSIDER JUDGE BRENDA K. SANNES
DECISION AND ORDER DATED 11/01/2022
CONCERNING RULE 12(b)(4).

IT IS A FACT THAT; UNDER NEW YORK FEDERAL
DISTRICT COURT RULES, IT IS INCUMBERNT UPON
THE DEFENDANTS AS TO SERVICE OF SUMMONS, THAT
DEFENDANTS MUST ABIDE BY LOCAL RULES
10.1 (C) (11.1)   10.1 (C) 2.

1

# TABLE OF CONTENTS

CAPTION ........................................................ PG 1
TABLE OF CONTENTS ............................................. PG 2
VIOLATIONS OF COURT RULES ............................. PG 3-5
FOR SUMMONS SERVICE ...................................... PG 3-5
PLAINTIFFS' JURISDICTION CPLR 215(8)(A .............. PG 6-7
ACCOUNTABILITY/LIABILITY ................................. PG 8-9
BREACH OF FIDUCIARY DUTY/CONTRACTS ............... PG 11
CAUSE OF ACTION .............................................. PG 10-15
FAILURE TO COLLECT (BREACH OF ...................... PG 13-
    FIDUCIARY DUTY ........................................... PG 13-
CONTRACTUAL OBLIGATION AND BREACH ............. 13-25
DISPOSITIVE MOTIONS FOR SUMMARY JUDG. ........ 13-16
CONCERNING BREACH OF F.D. & CONTRACT ........... 13-16
ACT OF RELIANCE ............................................. PG 17
CONTRACT THEY SIGNED .................................... 19-
REPOSED BY PLAINTIFFS ..................................... 19
DAMAGES ....................................................... PG 21-
DEFENDANTS CANNOT COMPLAIN ...................... PG 22-
MALICIOUS ACTION ......................................... 24-
PLAINTIFF J.P.MAN WOULD HAVE BEEN PAID $150. BILLIONS
PER YEAR FROM 2005 TILL NOW ....................... PG 26-
PLAINTIFF MUST BE PAID US $30. FOR
EACH YEAR SPENT IN PRISON FROM 2005 TILL NOW PG-27
QUESTION OF LAW ........................................... PG 28
LACK OF CORP HISTORY IS OKAY ....................... PG 29
THREE ELEMENTS OF BREACH OF FIDUCIARY
-DUTY AND BREACH OF CONTRACTS ................... PG 30-31
INTERFERED WITH ON GOING BUSINES ................ PG 32
OBLIGATION TO PERFORM ................................. PG 33
ALL CRIMINAL CHARGES EXONORATED ................ PG 34
TORTIOUS INTERFERANCE .................................. PG 34
ACCOUNTABILITY BY ALL DEFENDANTS ............... PG 36
CONTRACT TO COLLECT .................................... PG 40

PG 2

VIOLATIONS OF COURT RULES; 10.1(A)(B)(C)-10.2, 11.1(A)(B)  BY CITIZENS BANK, N.A, ET AL AND WOODHAVEN APT.

2. IT IS A FACT THAT; ALL ATTORNEYS OF RECORD AND PROSE LITIGANTS MUST IMMEDIATELY NOTIFY THE COURT OF ANY ADDRESS CHANGE, PARTIES MUST FILE THE NOTICE OF CHANGE OF ADDRESS WITH THE CLERK OF COURT. AND SERVE THE SAME WITH ALL OTHER PARTIES TO THE ACTION.

3. IT IS A FACT THAT, THE NOTICE MUST IDENTIFY EACH AND EVERY ACTION TO WHICH THEY SHALL APPLY. THE NOTICE MUST IDENTIFY EACH AND EVERY ACTION TO WHICH THE NOTICE SHALL APPLY. IN ADDITION THE NOTICE SHALL BE CLEARLY ENTITLED, "NOTICE OF CHANGE OF ADDRESS"

4. IT IS A FACT THAT, DEFENDANTS DID NOT FILE WITH THE CLERK OF COURT THE CHANGE OF ADDRESS BEFORE PLAINTIFF FILED HIS SUMMONS WITH THE COURT. IF DEFENDANTS WOULD HAVE FILED THIS NOTICE OF CHANGE OF ADDRESS PLAINTIFF →

3.

WOULD HAVE DIRECTED THE SUMMONS

4. DIRECTED THE SUMMONS TO THE NEW ADDRESSES FOR BOTH DEFENDANTS CITIZENS BANK NA ET. AL. AND WOODHAVEN APARTMENT AND VINOD LUTHRA.

5. IT IS A FACT THAT, THE DISTRICT COURT HAS NO RECORD OF CHANGE OF ADDRESS BEFORE PLAINTIFF SERVED THE SUMMONS

6. IT IS A FACT THAT, DEFENDANTS VIOLATED THE COURT RULES 10.1(C) INFORMATION REQUIRED
COURT RULE 11.1
APPEARANCE AND WITHDRAWAL OF ATTORNEYS (FORMERLY L.R. 83.2)
(A) APPEARANCE:
IT IS A FACT THAT A NOTICE OF APPEARANCE MUST BE FILED WITH THE COURT CLERK
(B) WITHDRAWAL NOTICE MUST BE FILED WITH THE COURT CLERK.

7. IT IS A FACT THAT DEFENDANTS MOTION TO DISMISS PLAINTIFFS CIVIL ACTION MUST

4

7. ⇒ BE DISMISSED THE FOUNDATION FOR PLAINTIFFS' DISMISSAL IS COMPLETELY FALSE.

8. IT IS A FACT THAT DEFENDANT DID VIOLATE THE RULES (LAW). THEY BLAME PLAINTIFFS FOR THEIR OWN VIOLATION OF THE LAW. THIS COURT MUST SEE TO IT THAT THIS ISSUE IS RESOLVED ACCORDINGLY.

9. IT IS A FACT THAT IF PLAINTIFF WOULD HAVE KNOWN THEIR ADDRESS AND NEW ATTORNEYS NAMES. HE WOULD FOLLOW THE ADDRESS CHANGE AND NEW ATTORNEYS.

10. THIS COURT MUST DISMISS DEFENDANTS MOTIONS TO DISMISS PLAINTIFFS CIVIL ACTION, BECAUSE THE FOUNDATION OF THESE MOTION TO DISMISS ARE NULL AND VOID, THEY BROKE THE LAW / RULES. THEY CANNOT BE REWARDED WITH PLAINTIFFS DISMISSAL OF THE CIVIL ACTION. THEY ARE THE WRONGDOERS, NOT PLAINTIFF.

5

JURISDICTION PURSUANT TO NEW YORK STATE LAW C.P.L.R. 215(8)(A).

1. IT IS A FACT THAT ALL DEFENDANTS HAD DECLARED THAT BREACH OF FIDUCIARY DUTY AND BREACH OF LEGAL CONTRACTS WAS A MOOT ISSUE AND DEFENDANTS LIKE SYRACUSE CITY, ET AL. FILED MOTIONS TO DISMISS PLAINTIFFS CIVIL ACTION, BUT CPLR-215(8)(A) IS THE SHIELD TO STOP THE DEFENDANT ARGUMENT. IT IS A FACT THAT, PURSUANT TO NEW YORK LAW, C.P.L.R. 215(8)(A), LANGUAGE IS THAT, PLAINTIFF CANNOT COMMENCE A LAW SUIT BEFORE THE CRIMINAL CASE HAS BEEN SETTLED IN HIS FAVOR PURSUANT TO NEW YORK STATE C.P.L.R. 215(8)(A).

IT EXPLAINS THAT, WHENEVER IT IS SHOWN THAT A CRIMINAL ACTION HAS BEEN COMMENCED WITH RESPECT TO THE EVENT OR OCCURANCE FROM WHICH A CLAIM GOVERNED BY THIS ACTION ARISES THE PLAINTIFFS SHALL HAVE AT ⟶

6

1. >> AT LEAST, ONE YEAR FROM TERMINATION OF THE CRIMINAL ACTION AS DEFINED IN SECTION 1.20 OF CRIMINAL PROCEDURE LAW, IN WHICH TO COMMENCE THE CIVIL ACTION. NOT WITHSTANDING THAT THE TIME IN WHICH TO COMMENCE THE CIVIL ACTION HAS ALREADY EXPIRED OR HAS LESS THAN 1 YEAR REMAINING.

2. IT IS A FACT THAT, PURSUANT TO NEW YORK STATE  CPLR. SECTION 215(8)(A) CIVIL LAW SUIT OF BREACH OF FIDUCIARY DUTY AND LEGAL CONTRACTS ARE NOT MOOT ISSUES AS THE LAWS OF THE STATE OF NEW YORK PROTECTS PLAINTIFFS' LAW SUIT. THEREFORE ALL THE DEFENDANTS WHO ARE USING MOOT DEFENSE DO NOT HAVE ANY DEFENSE OF MOOT. THEREFORE THEIR MOTIONS MUST BE DISMISSED BY COURT.

ACCOUNTABILITY AND LIABILITY PURSUANT
TO TITLE 31 SECTION 5318 (9)(3).
THE ANNUNZIO ACT (1972)

1. IT IS A FACT THAT, UNDER NEW YORK
LAWS AND UNITED STATES CONSTITUTION
AMENDMENT 14TH, 5TH, 6 AND TITLE 42
U.S.C.A SECTIONS TITLE 8-SECTIONS 43 & 47.
TITLE 42 U.S.C.A. SECTIONS; 1981, 1981(A) (B)
1983, 1985(3).

2. IT IS A FACT THAT ALL THESE TITLES AND
SECTIONS OF U.S LAW GIVE GUARANTEE
OF DUE PROCESS TO PLAINTIFFS FOR
VIOLATIONS OF HIS CIVIL AND CONSTITUTIONAL
RIGHTS.

3. IT IS A FACT THAT DEFENDANTS; KEY BANK
CITIZENS BANK, N.A. ET.AL, BANK OF
AMERICA, N.A. ET.AL, CITY OF SYRACUSE,
ET.AL. ONONDAGA COUNTY, ET.AL. VINOD
LUTHRA, WOODHAVEN APARTMENTS ET.AL. MUST
KNOW THAT BREACH OF FIDUCIARY DUTY AND
LEGAL CONTRACT ARE NOT MOOT ISSUES. THEY
VIOLATED THE BREACHES OWED PLAINTIFF. THEIR
MOTIONS TO DISMISS PLAINTIFF CIVIL ACTION MUST BE
DISMISSED. SEE CPLR.215(8)(9)[A]

PURSUANT TO 42 U.S.C.A. 1981 (A) (B

1. PLAINTIFF WAS ABLE TO ENTER INTO MANY
MULTI- 20 YEARS TO 50 YEARS
GUARANTEED CONTRACTS SUCH AS:-
ONE OF 70S IRREVOCABLE 20 YEARS
GUARANTEED REVOLVING VERY GOOD
LETTERS OF CREDIT, FOR PLAINTIFF TO
SELL AND DELIVER VARIOUS COMMODITIES
FOR THEIR BUSINESS ASSOCIATES WORLD
WIDE. AND PLAINTIFF PUT UP 15%
BOND ( PERFORMANCE BOND· AND DELIVERY
TO COMMENCE SOON AFTER RECEIVING
THE 70S IRREVOCABLE LETTERS OF CREDIT
WORTH ABOUT U.S. $900 BILLIONS IN
U.S. DOLLARS·

IT IS A FACT THAT EACH DEFENDANT BANK
RECEIVED B35 IRREVOCABLE LETTERS
OF CREDIT. X 3 BANKS IT IS A TOTAL
OF 70S IRREVOCABLE LETTERS OF
CREDIT, INCLUDING $300 BILLION IN
U.S. DOLLARS AS DOWN PAYMENT. 1

2. IT IS A FACT THAT THIS $300 BILLIONS WAS
SENT TO PLAINTIFFS ACCOUNTS WITH
DEFENDANTS, CITIZENS BANK, N.A. ET.AL.
KEY BANK N.A. ET.AL. AND BANK OF AMERICA N.A·

9.

3. IT IS A FACT THAT, UNDER NEW YORK STATE LAW, A CAUSE OF ACTION BASED UPON BREACH OF FIDUCIARY DUTY RESTS NOT ON THE VIOLATION OF GENERALIZED PROFESSIONAL STANDARD BUT ON "ABUSE OF PARTICULARIZED PROFESSIONAL STANDARD" LEGAL RELATIONSHIP OF TRUST." AS SEEN IN KOTLER V. DEUTSCHE BANK, AG. 607 F. SUPP. 2d 447 (N.Y. E.D.C.) ALSO SEE MALMSTEEN V. BERDON LLP 369 FED APPx 248 (C.A.2 CIRCUIT N.Y. 2010). ALSO THE CASE OF REGARSON 774 N.Y.S. 2d 445, 17A.D. 3d 243 A.D.N.Y. 2005.)

4. IT IS A FACT THAT, UNDER NEW YORK LAWS IN THE CASE OF MALSTEEN, V. BERDON, L.L.P. BERDON, L.L.P WAS MADE BY COURT TO PAY BACK MALMSTEEN, ALL THE MONEY THEY FAILED TO COLLECT. ALSO IN THE CASE OF RE: GARSON, THE COURT ORDERED GARSON TO PAY BACK ALL THE MONEY HE FAILED TO COLLECT

10.

## JURISDICTION PURSUANT TO N.Y.
## C.P.L.R. SECTION 215 (8)(A).

4. IT IS A FACT THAT ON APRIL 9,, 2014, THE CASE OF NEW YORK STATE V. JAMES B. MHINA, BECAME MOOT. WHEN THE INDICTMENT WAS COMPLETELY DISMISSED BY THE NEW YORK STATE SUPREME COURT, ONONDAGA COUNTY. NOW HERE THE CRIMINAL CASE BECAME MOOT.

5. IT IS A FACT THAT; THE DEFENDANTS ARE USING THE CRIMINAL CASE MOOTNESS FOR THE CIVIL CASE JUST AS JUDGE GARY L. PARKER DID IN HIS DECISION AND RULING WITHOUT WRITING A DECISION FOR THE CIVIL CASE, CONCERNING BREACH -

6. OF FIDUCIARY DUTY AND BREACH OF LEGAL

CONTRACTS.
## JURISDICTION:
7. IT IS A FACT THAT, IN THE STATE OF NEW YORK PLAINTIFF CANNOT COMMENCE A LAW SUIT BEFORE THE CRIMINAL CASE HAS BEEN SETTLED IN HIS FAVOR. SEE' ⟫

11

JURISDICTION PURSUANT TO: C.P.L.R.
SECTION 215 (8) (A).

7. PURSUANT TO C.P.L.R. SECTION 215 (8)
(A) THAT WHENEVER IT IS SHOWN THAT
A CRIMINAL ACTION HAS BEEN COMMENCED
WITH RESPECT TO THE EVENT OR OCCURANCE
FROM WHICH A CLAIM GOVERNED BY
THIS ACTION ARISES, THE PLAINTIFFS SHALL
HAVE AT LEAST ONE YEAR FROM
TERMINATION OF THE CRIMINAL
ACTION AS DEFINED IN SECTION 1.20
OF CRIMINAL PROCEDURE LAW, IN
WHICH TO COMMENCE THE CIVIL ACTION,
NOT WITHSTANDING THAT THE TIME IN
WHICH TO COMMENCE SUCH ACTION
HAS ALREADY EXPIRED OR HAS LESS THAN
1 YEAR REMAINING.

8. IT IS A FACT THAT, PURSUANT TO NEW
YORK STATE C.P.L.R. SECTION 215 (8) (A).
CIVIL LAW SUIT OF BREACH OF
FIDUCIARY DUTY AND LEGAL CONTRACTS
ARE NOT NY DOT ISSUES AS THE LAW OF
THE STATE OF NEW YORK PROTECTS ———>>>

12

8. ⇒ PLAINTIFF'S CIVIL LAW SUIT.

9. IT IS A FACT THAT: PURSUANT TO NEW YORK STATE LAW: C.P.L.R. SECTION 215.(8)(A). DEFENDANTS CONTENTION OF MOOTNESS IS COMPLETELY DEFEATED BY PLAINTIFFS' JURISDICTION PURSUANT TO C.P.L.R. SECTION 215 (8)(A), OF NEW YORK STATE LAW.

10. IT IS A FACT THAT: UNDER NEW YORK LAW, C.P.L.R. SECTION 215 (8)(A), PLAINTIFFS CIVIL LAW SUIT OF BREACH OF FIDUCIARY DUTY AND BREACH OF LEGAL CONTRACTS ARE NOT MOOT. THEY WERE NOT DECIDED AND THEY ARE TIMELY FILED.

11. IT IS A FACT THAT ALL THE DEFENDANTS KNEW THAT THE CIVIL LAW SUIT WAS NOT MOOT BECAUSE OF THE NEW YORK LAW THAT GIVES PLAINTIFF JURISDICTION TO CONTINUE PROSECUTING THE LAW SUIT PURSUANT TO 14ᵗʰ AMENDMENT TO EQUAL ⟶

13

11 →→ PROTECTION UNDER THE LAW. DUE PROCESS.

ACCOUNTABILITY AND LIABILITY
PURSUANT TO TITLE 31 U.S.C.A SECTION
5318 (G)(3). THE ANNUNZIO WILLIS ACT.
1972.

12. – IT IS A FACT THAT; UNDER NEW YORK
STATE LAWS AND UNITED STATES CONSTITUTION
AMENDMENT 14TH, 5TH, 6TH, AND TITLE 42
U.S.C.A SECTIONS 1981, 1981(A)(B), 1983,
1985(3) TITLE 8. (43)(47).

13. IT IS A FACT THAT, ALL THESE TITLES AND
SECTIONS OF U.S. LAWS GIVE GUARANTEE
OF DUE PROCESS TO PLAINTIFFS, FOR
VIOLATIONS OF HIS CIVIL AND CONSTITUTIONAL
RIGHTS.

13. DEFENDANTS: KEY BANK, N.A. ET.AL.
BANK OF AMERICA, N.A., ET.AL. CITIZENS
BANK, N.A. ET.AL, CITY OF SYRACUSE
ET.AL., ONONDAGA COUNTY ET.AL.
WOODRANCH APARTMENTS ET.AL. VINOD
LUTHRA, ET.AL.

14

14. TITLE 42 U.S.C.A.          (A) AND (B) SECTION 1985(3) CONSPIRACY TO DEPRIVE PLAINTIFFS THEIR CIVIL AND CONSTITUTIONAL RIGHTS.

TITLE 42 U.S.C.A. SECTION 1981 (A) AND (B)

15. SUBDIVISION "A" SPECIFICALLY SAYS:" ALL PERSONS WITHIN THE JURISDICTION OF THE U.S. SHALL HAVE THE SAME RIGHTS IN EVERY STATE AND TERRITORY TO MAKE AND ENFORCE CONTRACTS, TO SUE, BE PARTIES, GIVE EVIDENCE AND TO FULL EQUAL BENEFITS OF ALL LAWS AND PROCEEDINGS FOR THE SECURITY OF THE PERSONS AND PROPERTY AS IS ENJOYED BY WHITE CITIZENS, AND SHALL BE SUBJECT TO LIKE PUNISHMENT, PAINS PENALTIES, TAXES LICENSES AND EXACTIONS OF EVERY KIND AND NO OTHER.

16. SUBDIVISION "B"

IT IS A FACT THAT IN DECEMBER 2005 →→

15

16. ⟹ PLAINTIFFS ENTERED INTO MANY MULTI-
TWENTY YEARS TO FIFTY YEARS
GUARANTEED 70S IRREVOCABLE
PROFITABLE CONTRACTS WITH THEIR VERY
MANY BUSINESS ASSOCIATES WORLD WIDE
FOR PLAINTIFFS TO SELL AND DELIVER
VARIOUS COMMODITIES THAT THEIR BUSINESS
ASSOCIATES ORDERED AND PAID FOR WITH
THEIR GUARANTEED IRREVOCABLE
REVOLVING 70S LETTERS OF CREDIT THAT
THEY OPENED AT THEIR SENDING BANKS.
PLAINTIFF PUT UP 15 % PERFORMANCE
BONDS AND DELIVERY WAS TO COMMENCE
SOON AFTER RECEIVING 70S IRREVOCABLE
REVOLVING LETTERS OF CREDIT. CONTRACTS
THROUGH PLAINTIFFS' RECEIVING BANKS.
TO WIT:- DEFENDANTS:- KEYBANK, N.A.
ET. AL. CITIZENS BANK, N.A. ET. AL.
BANK OF AMERICA, ET. AL. AND ALL
OTHER DEFENDANTS. CITY OF SYRACUSE,
⓪ ET. AL. ONONDAGA COUNTY, ET. AL.
WOOD HAVEN APARTMENTS ET. AL. VINOD,
LUTHRA, ET. AL. AND ALL OTHER
DEFENDANTS NAMED HEREIN.

16

17. IT IS A FACT THAT; UNDER NEW YORK LAW, A CAUSE OF ACTION BASED UPON BREACH OF FIDUCIARY DUTY RESTS NOT ON THE VIOLATION OF GENERALIZED PROFESSIONAL STANDARD BUT ON "A B U S E" OF PARTICULARIZED LEGAL RELATIONSHIP OF "TRUST" AS SEEN IN KOTTLER V. DEUTSCHE BANK AG. 607 F. SUPR 2d. 447 (N.Y. E D.C), ALSO-SEE MALMSTEEN V. BERDON, LLP. 369 FED APPX 248 (C.A. 2 Circuit, N.Y. 2010) ASO SEE; THE CASE OF RE: GARSON 774 N.Y.S. 2d. 645, 17 A.D. 3d 243 AD. N.Y. 2005 - X DEFENDANTS MUST PAY BACK ALL PLAINTIFFS MONEY.

18. + IT IS A FACT THAT, UNDER NEW YORK LAWS. IN THE CASE OF MALMSTEEN V. BERDON, LLP THE COURTS FOUND THAT, DEFENDANT BERDON, LLP. WAS MADE TO PAY MALMSTEEN FOR FAILURE TO COLLECT; ALL HIS MONEY IN THE CASE OF RE- GARSON THE COURT ORDERED GARSON TO PAY BACK FUNDS HE FAILED TO COLLECT.

BREACH OF FIDUCIARY DUTY AND BREACH
OF LEGAL CONTRACTS.

19.   IT IS A FACT THAT, UNDER NEW YORK
LAW, THE MAIN ISSUE IN THIS DISPOSITIVE
MOTION, IS BREACH OF FIDUCIARY DUTY
AND BREACH OF LEGAL CONTRACTS, AS IN
THE CASE OF MALIISTEEM V. BERDON, LLP)
369 FED. APPX. 248 (CA. 2 CIRCUIT N.Y.
2010); ALSO SEE:- RE: GARSON, 17 AD.
3D. 243, 793 N.Y.S. 2d 397 (N.Y. A.D.
2005).

20.   IT IS A FACT THAT, IN THE STATE OF
NEW YORK; A CAUSE OF ACTION FOR
BREACH OF FIDUCIARY DUTY HAS A SIX-
YEAR STATUTE OF LIMITATION AND
SINCE THERE WERE THREE BANKS
CONTRACTS, PLAINTIFF IS ASSERTING
LIABILITY IN THE CONTRACTUAL
RELATIONSHIP OF PARTIES. AS IN BARATTA
V. KOZLOWSKI 94 A.D. 2d 454, 464.
N.Y.S. 2d N.Y.S. 2d 803, 807-08 (1983) ALSO
SEARS ROEBUCK 767 & CO. V ENCO ASSOC. →

18

⇒ 20. →

⇒⇒ 43 N.Y. 2d 389, 401 N.Y.S. 2d 767, 372 N.E.2d 5858 558 (1977) SEE ALSO GEBHARDT V. ALLSPECT INC 96 F. SUPP 331 338 (S.D. N.Y. 2000).

21.    IT IS A FACT THAT UNDER NEW YORK LAW CERTAIN ACTIONS FOR DAMAGES TO PROPERTY OR PECUNIARY INTEREST TO BE BROUGHT UNDER EITHER TORT OR CONTRACT THEORY, AND HENCE APPLIES THE LONGER OF THE TWO STATUTE OF LIMITATION AS LONG AS THE ASSERTED LIABILITY HAS ITS GENESIS IN THE CONTRACTUAL RELATIONSHIP OF THE PARTIES. AS IN BARATTA V. KOZLOWSKI, 94 A.D. 2d 454, 464 N.Y.S. 2d 803, 807-08 (1983) ALSO SEE: MALMSTEEN V. BERDON, WHERE A CONTRACTUAL RELATIONSHIP, EXISTED. JUST LIKE THIS CIVIL ACTION HAS A CONTRACTUAL RELATIONSHIP, FOR THE DEFENDANTS, TO BE THE SOLE COLLECTORS OF PLANTIFFS' LETTERS OF CREDIT AND CASH, FROM APPELLANTS BUSINESS ASSOCIATES WORLD WIDE.    19

22. IT IS A FACT THAT UNDER NEW YORK LAW, PLAINTIFFS LAW SUIT IS FOUNDED ON CONTRACTUAL RELATIONSHIP WHERE BY PLAINTIFF @ JAMES P MHINA, SIGNED 3 BANKS CONCONTRACTS WITH THE DEFENDANT BANKS. TO WIT: KEY BANK, N.A. ET. AL. CITIZENS BANK, N.A. ET. AL, BANK OF AMERICA, FOR EACH BANK TO COLLECT 235 VERY PROFITABLE 20. YEARS GUARANTEES LETTERS OF CREDIT AND U.S. $ 300⁰⁰ BILLION IN U.S. DOLLARS. AS AN AGREED CONTRACT BOND FROM PLAINTIFFS BUSINESS ASSOCIATES.

20

PRAYER FOR RELIEF

WHEREFORE:- PLAINTIFF SEEK DAMAGES IN FORM OF U.S STATE OF AMERICA DOLLARS.

DAMAGES:-

1  705 GUARANTEED FOR 20 YEARS LETTERS OF
   CREDIT WORTH U.S $ 900°° BILLIONS +

2. $300°° BILLIONS DOWN PAYMENT FROM BUSINESS
   ASSOCIATES.

3. $150°° BILLIONS PER YEAR PLAINTIFF COMPANSATION SALARY
   UNTIL NOW 17 YEARS (2005→2022

4  $30°° BILLIONS PER YEAR FOR HIS 10 YEARS OF INKARCERATIONS.

PREPARED AND PRESENTED BY:-

JAMES P. MWINA, C.EO. PROSE
540 SEYMOUR STREET #3
SYRACUSE, N.Y 13204
PHONE: 315-883-7623
2.