UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES P. MHINA,

                              Plaintiff,                      5:22-cv-427 (BKS/ML)

v.

CITIZENS BANK, N.A., et al.,

                              Defendants.
_____

**Appearances:**

*Plaintiff pro se:*
James P. Mhina
Syracuse, NY 13204

*For Defendant Citizens Bank, N.A.:*
Geoffrey W. Millsom
Brenna Anatone Force
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903

*For Defendants City of Syracuse, Anthony Collavita, and David Burske:*
Susan R. Katzoff
Corporation Counsel, City of Syracuse
Danielle R. Smith
Assistant Corporation Counsel
300 City Hall
Syracuse, NY 13202

**Hon. Brenda K. Sannes, Chief United States District Judge:**

### MEMORANDUM-DECISION AND ORDER TO SHOW CAUSE

## I. INTRODUCTION

Pro se plaintiff James P. Mhina brought this action against fourteen Defendants[1] asserting claims under 42 U.S.C. §§ 1983, 1985, as well as claims for "breached fiduciary duty, unjust enrichment, [and] breach of contract." (Dkt. No. 6, at 13). On November 1, 2022, the Court issued a ruling granting three separate motions to dismiss filed by Citizens Bank, the Woodhaven Defendants, and the City Defendants and denying Plaintiff's motion for summary judgment. (Dkt. No. 51). In that decision, the Court dismissed Plaintiff's claims against Citizens Bank, the Woodhaven Defendants, and the City Defendants, and directed Plaintiff to file either proofs of service as to the eight remaining Defendants or a detailed status report addressing the completion of service on those Defendants. (*See generally id.*).

Presently before the Court are Plaintiff's motions for summary judgment, (Dkt. No. 52), and for reconsideration, (Dkt. No. 53). On December 2, 2022, Plaintiff filed another letter responding to the Court's November 1, 2022 decision. (Dkt. No. 56). Citizens Bank and the City Defendants opposed Plaintiff's motion for reconsideration. (Dkt. Nos. 54, 55). For the following reasons, the Court denies both of Plaintiff's motions and orders Plaintiff to show cause why this action should not be dismissed for failure to complete service on the eight remaining Defendants and/or for failure to comply with Court orders.

---

[1] Plaintiff sued: (1) Citizens Bank, N.A.; (2) Bank of America, N.A.; (3) Key Bank, N.A.; (4) Woodhaven Apartments and Vinod Luthra, "President, C.E.O. Woodhaven Apartment" (together, the "Woodhaven Defendants"); (5) John Cruize, "V.P. Security, Key Bank"; (6) Onondaga County; (7) Beth VanDoren, "A.D. Attorney, Onondaga County"; (8) Cathleen Nash, "C.E.O., President of Citizens Bank"; (9) Amy Bidwell, "Bank of America Bank Branch Manager"; (10) City of Syracuse, Syracuse City Police Detective Anthony Collavita, and Syracuse City Police Detective David Burske (together, the "City Defendants"); and (11) Linda Mossulu, "V.P. Key Bank." (Dkt. No. 6 (amended complaint)).

2

## II. BACKGROUND

The Court assumes familiarity with the procedural and factual background of this case, as set forth in its November 1, 2022 decision. (*See* Dkt. No. 51).

## III. MOTION FOR SUMMARY JUDGMENT

On November 17, 2022, Plaintiff filed a motion for summary judgment asking the Court to "issue a Court order for Defendants to pay back" the "property/money [they] took from Plaintiff[]." (Dkt. No. 52, at 1).[2] The motion is denied as procedurally improper for the same reasons the Court denied Plaintiff's previous motion for summary judgment. (*See* Dkt. No. 51, at 11–12 (denying Dkt. No. 18)). Plaintiff's motion appears to be a memorandum of law which contains various assertions of fact and citations to caselaw. (*See* Dkt. No. 52). However, Plaintiff has not pointed to any record evidence which supports his assertions as required to establish entitlement to summary judgment, and his motion is not sworn or verified. *See Lamoureux v. AnazaoHealth Corp.*, No. 03-cv-1382, 2010 WL 4875870, at *2, 2010 U.S. Dist. LEXIS 122831, at *8–9 (D. Conn. Nov. 18, 2010) (describing requirements of an affidavit and unsworn declaration). Moreover, Plaintiff failed to comply with Local Rule 56.1, which requires any motion for summary judgment to contain "a separate Statement of Material Facts." N.D.N.Y. L.R. 56.1(a). The moving party's failure to "submit an accurate and complete Statement of Material Facts shall result in a denial of the motion." *Id.* (emphasis omitted).

Accordingly, the Court denies Plaintiff's motion for summary judgment. Plaintiff is advised that the Court will not entertain any further motions for summary judgment until the issue of service on the eight remaining Defendants is resolved. The Court will summarily deny any further motions for summary judgment Plaintiff files before the issue of service is resolved.

---

[2] Plaintiff's motion is similar to the motions for summary judgment he has previously filed in this action. (*See* Dkt. Nos. 4, 18, 35, 39).

## IV. MOTION FOR RECONSIDERATION

### A. Standard of Review

In general, a motion for reconsideration may only be granted upon one of three grounds: (1) an intervening change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or prevent manifest injustice. *United States v. Zhu*, 41 F. Supp. 3d 341, 342 (S.D.N.Y. 2014) (citing *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)); *see also Shannon v. Verizon N.Y., Inc.*, 519 F. Supp. 2d 304, 307 (N.D.N.Y. 2007). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). When adjudicating a motion for reconsideration, a court need not consider arguments that were raised for the first time in the pending motion. *See Phillips v. City of New York*, 775 F.3d 538, 544 (2d Cir. 2015); *Gun Hill Rd. Serv. Station, Inc. v. ExxonMobil Oil Corp.*, No. 08-cv-7956, 2013 WL 1804493, at *1, 2013 U.S. Dist. LEXIS 63207, at *3–4 (S.D.N.Y. Apr. 18, 2013). "The standard for reconsideration is strict and is committed to the discretion of the court." *SEC v. Wojeski*, 752 F. Supp. 2d 220, 223 (N.D.N.Y. 2010), *aff'd sub nom. Smith v. SEC*, 432 F. App'x 10 (2d Cir. 2011); *see also New York v. Parenteau*, 382 F. App'x 49, 50 (2d Cir. 2010) (summary order) ("A motion for reconsideration is 'generally not favored and is properly granted only upon a showing of exceptional circumstances.'" (citation omitted)).

### B. Analysis

On November 17, 2022, Plaintiff filed an "omnibus motion pursuant to court rule 56 for summary judgment to reconsider" the Court's November 1, 2022 decision. (Dkt. No. 53). The Court has construed this motion as one for reconsideration. Plaintiff's motion largely reasserts the same arguments he made in opposition to the three motions to dismiss: namely, that Defendants' attorneys did not comply with their obligations to notify the Court of any address

4

changes, and that his claims are not "moot." (*See generally id.*).³ In his submission filed December 2, 2022, Plaintiff likewise argues that Citizens Bank and the Woodhaven Defendants did not comply with their obligations to keep the Court and Plaintiff apprised of changes of address or attorney. (Dkt. No. 56, at 1–3). The Court already considered and rejected these arguments. (Dkt. No. 51, at 8–9). The remainder of Plaintiff's arguments do not appear to be germane to the Court's November 1, 2022 decision. In short, Plaintiff has not met the strict standard for reconsideration, as he has not pointed to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error of law or prevent manifest injustice. The Court therefore denies Plaintiff's motion for reconsideration.

## V.     ORDER TO SHOW CAUSE

In its November 1, 2022 decision, having dismissed Plaintiff's claims against Citizens Bank, the Woodhaven Defendants, and the City Defendants, the Court noted that the remaining eight Defendants⁴ have not appeared in this matter. (Dkt. No. 51, at 14–15). The Court further noted that Plaintiff had not filed proof of service as to any Defendant in this matter, despite multiple orders and reminders to do so. (*Id.* (citing Dkt. Nos. 17, 24, 34)).⁵ The Court therefore directed Plaintiff to file "(1) proofs of service as to the eight remaining Defendants or (2) a detailed status report addressing the completion of service upon these Defendants." (*Id.*). The

---

³ Plaintiff also argues that his claims against the City Defendants, which the Court dismissed as barred by the statute of limitations, are timely under New York Civil Practice Law and Rules ("CPLR") Section 215(8)(a). (Dkt. No. 53, at 6–8; *see also* Dkt. No. 56, at 3–4). The Court need not consider this argument, which is raised for the first time in Plaintiff's motion for reconsideration. *Phillips*, 775 F.3d at 544. In any event, CPLR 215, which sets a one-year limitations period, does not apply to Plaintiff's claims.

⁴ These eight Defendants are Bank of America, N.A., Key Bank, N.A., John Cruize, Onondaga County, Beth VanDoren, Cathleen Nash, Amy Bidwell, and Linda Mossulu.

⁵ One of Plaintiff's submissions contains copies of United States Postal Service receipts dated May 20, 2022, June 3, 2022, and June 8, 2022. (Dkt. No. 31, at 16–17). These receipts, which appear to indicate that postage was paid on various Priority Mail and First-Class Mail envelopes to different zip codes, are plainly insufficient to indicate that service was effectuated on any Defendant. (*Id.*).

Court warned Plaintiff that his failure to comply with the Court's order could result in sanctions, up to and including dismissal of his case. (*Id.* at 15–16). While Plaintiff filed the motion for summary judgment and motion for reconsideration discussed above, to date he has not filed proof of service as to any Defendant or a detailed status report regarding service as directed by the Court.

Thus, because there is no indication before the Court that Plaintiff has served the eight remaining Defendants who have not appeared in this action, Plaintiff is ordered to show cause why this action should not be dismissed for failure to serve the eight remaining Defendants. "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "[I]f the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* The Second Circuit has "held that district courts have discretion to grant extensions, and may do so even in the absence of 'good cause.'" *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012) (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)). Prior to dismissing a complaint for lack of service, a district court must give "notice to the plaintiff and provid[e] an opportunity for [him] to show good cause for the failure to effect timely service." *Id*. (citation omitted). Plaintiff has not submitted proof that any of the eight remaining Defendants was served within 90 days after the complaint was filed. He has not provided an adequate justification for his failure to effectuate service or file proofs of service; nor has he requested an extension of time to effectuate service. The Court hereby gives Plaintiff notice that it may dismiss his claims pursuant to Rule 4(m) if he is unable to show good cause for the failure. *See Smalls v. City of New York*, No. 15-cv-3017, 2019 WL 1243823, at *2, *4, 2019 U.S.

Dist. LEXIS 43974, at *7, *12 (E.D.N.Y. Mar. 18. 2019) (treating order to show cause for failure to serve a defendant as "the notice required before a dismissal pursuant to Rule 4(m)"). Plaintiff's failure to establish good cause for failing to effectuate service on the eight remaining Defendants will result in the dismissal, without prejudice, of all of his remaining claims.

Furthermore, Plaintiff has failed to comply with four Court orders directing him to file proofs of service or a detailed status report regarding service. (*See* Dkt. Nos. 17 (directing Plaintiff "to timely file proofs of service"), 24 (directing Plaintiff "to timely file proofs of service as to all Defendants"), 34 (directing Plaintiff to file "proofs of service as to all Defendants" or "a detailed status report addressing the completion of service upon all Defendants"); Dkt. No. 51, at 15 (directing Plaintiff to file "(1) proofs of service as to the eight remaining Defendants or (2) a detailed status report addressing the completion of service upon these Defendants")). Plaintiff is ordered to show cause why this action should not be dismissed for failure to comply with these court orders. Fed. R. Civ. P. 41(b); *see Spencer v. Doe*, 139 F.3d 107, 112 (2d Cir. 1998) (noting that dismissal for failure to comply with court orders under Fed. R. Civ. P. 41(b) may be sua sponte); *Robinson v. Sposato*, No. 13-cv-3334, 2014 WL 1699001, at *1, 2014 U.S. Dist. LEXIS 59303, at *3 (E.D.N.Y. Apr. 24, 2014) ("Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." (internal quotation marks and brackets omitted)).

## VI.    CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's motion for summary judgment (Dkt. No. 52) is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for reconsideration (Dkt. No. 53) is **DENIED**; and it is further

**ORDERED** that Plaintiff shall file and serve, by December 27, 2022, a response to this Order setting forth why this case should not be dismissed for failure to serve the eight remaining Defendants pursuant to Federal Rule of Civil Procedure 4(m) and/or for failure to comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b); and it is further

**ORDERED** that the Clerk of the Court is directed to serve this Memorandum-Decision and Order to Show Cause on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: December 5, 2022
Syracuse, New York

*/s/ Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge