UNITED STATES DISTRICT COURT OF NORTHERN
DISTRICT OF NEW YORK.

JAMES P. MANA, C.E.O. PROSE,   PLAINTIFF ET AL.

DOCKET NO: 5:22 - CV - 427
(BKS/ML.

-AGAINST-

1. CATHELEEN NASH, ET. AL.
2. JOHN CRUIZE, ET. AL
3. BETH VAN DOREN, ET. AL.
4. ONONDAGA COUNTY
5. KEYBANK, N.A. ET. AL.
6. LINDA MOSSULU ET. AL.
7. BANK OF AMERICA, N.A. ET. AL.
8. AMY BIDWELL, ET. AL.

U.S. DISTRICT COURT - N.D. OF N.Y
FILED
DEC 15 2022
AT____ O'CLOCK
John M. Domurad, Clerk - Syracuse

DEFENDANTS/RESPONDENTS.

DISPOSITIVE MOTION, ADDRESSED TO
JUDGE BRENDA K. SANNES,   CONCERNING
BREACH OF FIDUCIARY DUTY AND
BREACH OF LEGAL CONTRACTS BY THE NAMED
DEFENDANTS, HEREIN, ABOVE LISTED.

1

# TABLE OF CONTENTS.

CAPTION      PG.   1

TABLE OF CONTENTS      PG.   2.

JURISDICTION      PG.   4.

BREACH OF FIDUCIARY DUTY CONTRACT PG. 10—12

DAMAGES      PG. 5—

LOSS OF BUSINESS PROFITS      PG. 26—

THEY PARTICIPATED WITH
   FIDUCIARY      PG. 22—

THERE IS NO MOOT ISSUE      PG. 3—

JURISDICTION      PG. 4—

PRINCIPLE OF RELIANCE      PG 7—

CPLR 215 SHIELD OF MOO      PG 5—

MALICIOUS PROSECUTION      PG 8— 9/22—27

DEFENDANTS THE WRONGDOERS      Pg 14

WRONGFUL MEANS      PG. 9—10

TO ACCOUNTABILITY & LIABILITY PG. 11—12

IN CONTEXT OF MALICIOUS PROSE. PG. 15—17

AMOUNT OF DAMAGES      PG 17—18

THE ALLEGED UNCERTAINTY PG. 16—17—18—19

PREVAILING PLAINTIFF.      PG. 20—

DEFENDANTS HAS A LEGAL DUTY — 27— 29

DEFENDANTS      PG. 24

## JURISDICTION PURSUANT TO C.P.I.R. SECTION 215 (8) (A).

1'   IT IS A FACT THAT, UNDER NEW YORK STATE LAWS PLAINTIFFS HAVE THE RIGHT TO BRING AND FILE THIS LAW SUIT AT THIS TIME PURSUANT TO C.P.L.R. 215 (8) (A). WHICH SAYS THAT; WHEN EVER IT IS SHOWN THAT A CRIMINAL ACTION HAS BEEN COMMENCED WITH RESPECT TO THE EVENT OR OCCURANCE FROM WHICH A CLAIM GOVERNED BY THIS SECTION ARISES, THE PLAINTIFFS SHALL HAVE AT LEAST, ONE YEAR, FROM TERMINATION OF THE CRIMINAL ACTION AS DEFINED IN SECTION 1·20 OF THE CRIMINAL PROCEDURE LAW, IN WHICH TO COMMENCE THE CIVIL ACTION, NOT WITHSTANDING THAT THE TIME IN WHICH TO COMMENCE SUCH ACTION HAS ALREADY EXPIRED OR HAS LESS THAN A YEAR REMAINING.

3

BREACH OF FINUCIARY DUTY
AND BREACH OF CONTRACTS.

2. IT IS A FACT THAT; BREACH OF FIDUCIARY DUTY
AND BREACH OF LEGAL CONTRACTS THAT
PLAINTIFFS SIGNED AT DEFENDANTS
OFFICES WHEN PLAINTIFFS OPENED THEIR
BUSINESS AND PERSONAL ACCOUNTS
FOR THE DEFENDANTS TO BE THE THE SOLE
BANKS TO COLLECT PLAINTIFFS LETTERS
OF CREDIT AND ALL CASH TRASACTIONS.
FROM PLAINTIFFS BUSINESS ASSOCIATES
WORLD WIDE.

3. IT IS A FACT THAT DEFENDANT PROMISED
PLAINTIFFS TO TAKE CARE OF PLAINTIFFS
BUSINESS AFTER PLAINTIFFS REPOSED.

4. IT IS A FACT THAT NEW YORK STATE.
C.P.L.R. 215(8)(A). CLEARLY SHOWS
THIS COURT THAT; BREACH OF
FIDUCIARY DUTY IS NOT A MOOT ISSUE
AND DEFENDANTS WHO THOUGHT THAT
FIDUCIARY DUTY AND BREACH OF
LEGAL CONTRACTS ARE MOOT ISSUES, ARE WRONG.
BECAUSE C.P.L.R. 215(8)(A), NEW YORK
LAW; IS THE SHIELD TO MOOTNESS.   ⟶

4

5. DEFENDANTS WHO CLAIMED THAT PLAINTIFFS CIVIL ACTION IS MOOT, WHICH IS ALL THE NAMED DEFENDANTS HAVE VIOLATED PLAINTIFFS CIVIL AND CONSTITUTIONAL RIGHTS. SEE MALMSTEEN V. BERDON, LLP. 369 FED. APPX 248, C.A.2 N.Y. 248, (C.A.2 N.Y 2010)

6. IT IS A FACT THAT, DEFENDANTS HAVE FAILED TO COLLECT PLAINTIFFS LETTERS OF CREDIT AND ALL CASH TRANSFERS THEY PROMISED TO COLLECT. THEY MUST PAY BACK PLAINTIFFS PROPERTY THEY FAILED TO COLLECT, AS IN MALMSTEEN V. BERDON, L.L.P. THE COURT ORDERED BERDON, L.L.P TO PAY MALMSTEEN ALL THE FUNDS BERDON FAILED TO COLLECT. ALSO RE GERSON SUPRA. THE COURT ORDERED GERSON TO PAY BACK ALL THE FUNDS HE FAILED TO COLLECT. Re GERSON 774 N.Y.S.2d 645, 17A.D.3d N.Y 2005)

7. IT IS A FACT THAT, PLAINTIFF AS THE PREVAILING PARTY, AND ALL PLAINTIFFS LOST PROFFITS MUST BE PAID BACK BY THE WRONG DOERS (DEFENDANTS.)

5

DAMAGES TO BE PAID BACK BY
THE DEFENDANTS, THE WRONGDOERS.

1. LETTERS O CREDIT 705 IN NUMBER WORTH ABOUT
$900 BILLION DOLLARS + STATE & FEDERAL
TAXES.

2. PERFORMANCE BOND THAT PLAINTIFF PUT DOWN
PAYMENT OF U.S 15% U.S. $500.00 BILLIONS.
+ STATE AND FEDERAL TAXES. FOR MANY MORE
LETTERS OF CREDIT.

3. SALARY THAT PLAINTIFF WAS TO COLLECT
EVERY YEAR U.S. 150.00 BILLIONS EVERY
YEAR FOR 17 YEARS FROM 2005 — 2022
+ TAXES, FEDERAL AND STATE. AMOUNT OF
U.S. 2,550.00 BILLIONS = ($150 BILLIONS X 17) YEARS

4. COMPENSATION FOR 10 YEARS IN NEW YORK
PRISONS AND JAILS WITHOUT HAVING COMMITTED
A CRIME. AN AMOUNT OF U.S. $30.00 BILLIONS
PER YEAR FROM 2005 — 2015. 10 YEARS =
U.S. $300.00 BILLION IN US DOLLARS + ALL THE
STATE AND FEDERAL TAXES.

6

DAMAGES TO BE PAID BACK BY DEFENDANTS
THE WRONGDOERS. UNDER PRINCIPLE OF

5.   RELIANCE.

IT IS A FACT THAT UNDER. NEW YORK
LAW WHEN DEFENDANTS BREACHED
FIDUCIARY DUTY OWED PLAINTIFFS
THEY ALSO BREACHED THE UNDERLYING
PRINCIPLE OF RELIANCE THAT WAS
MADE BINDING WHEN ALL THE DEFENDANTS
BREACHED FIDUCIARY DUTY(IES) OWED
PLAINTIFFS, THEY ALSO BREACHED THE
UNDERLYING PRINCIPLE OF RELIANCE
THAT WAS MADE BINDING WHEN ALL
THE DEFENDANTS BECAME PLAINTIFFS
FIDUCIARIES. SEE GLANDALE FEDERAL
BANK, F.S.B. V. U.S. 239 F3d 1374

6.   IT IS A FACT THAT, THE REASON FOR THIS
PRINCIPLE RULE, HAS BEEN WELL
EXPRESSED BY THE U.S. SUPREME COURT
IN THE IMPORTANT CASE OF BIGELOW
V. R.K.O. RADIO PICTURES, 327 U.S.
250 (1946) HERE, R.K.O. RADIO PICTURES
HAD LOST IMPORTANT TICKETS TO THE MOVIE
HOUSES PURPOSELY,

7. IT IS A FACT THAT, R.K.O. RADIO PICTURES HAD BREACHED FIDUCIARY DUTY AND LEGAL CONTRACTS, WHEN THEY PURPOSELY LOST TICKETS THAT R.K.O. RADIO PICTURES HAD PROMISED TO DELIVER.

8. IT IS A FACT THAT UNDER NEW YORK LAW AND THE U.S. SUPREME COURT RULING, R.K.O. RADIO PICTURES WAS MADE TO PAY THE EQUIVALENT OF THE LOST TICKETS IN U.S. DOLLARS BECAUSE OF THE PROMISE THEY MADE TO DELIVER, AND BIGELOW RELIED ON THAT PROMISE AS IN MALMSTEEN V. BERDON, L.L.P. SUPRA AND RE GARSON SUPRA, ALSO SEE JAMES WOOD GENERAL TRADING ESTABLISHMENT V. COE 297 F.2d 651-658 (C.A. N.Y. SECOND CIRUIT. 1961).

9. IT IS A FACT THAT UNDER NEW YORK LAW IN CONTEXT OF MALICIOUS PROSECUTION ACTUAL MALICE CAN RARELY →

8

9. →  BE ESTABLISHED THROUGH DIRECT EVIDENCE.
AS IN ROWNSEVILLE V. ZAHL, 13F3d
625 (C.A. 2d N.Y. 1994).

10.  IT IS A FACT THAT, UNDER NEW YORK LAW,
PLAINTIFFS LOSS OF BUSINESS PROFITS,
FUTURE BUSINESS PROFITS CONTRACTS
AND GOOD WILL AS CONSEQUENCE
OF DEFENDANTS WRONGS, MALICIOUS
ACTIONS ALLEGED ELSE WHERE IN
COMPLAINT MAY BE RECOVERED
WITHOUT PLEADING THEM AS SEPARATE
CAUSE OF ACTION. SEE; ADVANCE
MARINE TECHNOLOGIES INC. V.
BURNHAM SECURITIES INC. 16 F.
Supp. 2d 375 (S.D. N.Y. 1998). ALSO
WHITNEY V. CITIBANK 782 F.2d 1106
(C.A. 2nd N.Y. 1106) 1986.

TORTIOUSLY INTERFERED WITH
CONTRACTUAL AND PROSPECTIVE
BUSINESS RELATIONS OF PLAINTIFFS WITH
THEIR BUSINESS ASSOCIATES WHEN→

9

# WRONGFUL MEANS.

→ DEFENDANTS EMPLOYED WRONGFUL MEANS. (MALICIOUS CRIMINAL PROSECUTION AGAINST PLAINTIFFS.) THE MALICIOUS CRIMINAL CHARGES WERE BOGUS AND ILLEGAL. AND ON APRIL 9, 2014 THE ILLEGAL INDICTMENT WAS COMPLETELY DISMISSED AS A MATTER OF LAW. SINCE THERE WAS NO LEGAL EVIDENCE TO PROSECUTE.

IT IS A FACT THAT UNDER NEW YORK LAW, PLAINTIFF WAS RELEASED IN APRIL 9, 2014 WITHOUT HIS PROPERTY. (THE LUCRATIVE LETTERS OF CREDIT AND ALL THE CASH TRANSFERS FROM HIS MANY BUSINESS ASSOCIATES WORLD WIDE.

IT IS A FACT THAT, PLAINTIFF SERVED 10 YEARS IN PRISON WITHOUT HAVING COMMITTED A CRIME.

IT IS A FACT THAT, PLAINTIFF HAS NOT RECOVERED FROM THE WRONGFUL MEANS THAT DEFENDANTS DID UPON → HIM.                    10

IT IS A FACT THAT UNDER NEW YORK LAW

5. BREACH OF FIDUCIARY DUTY AND BREACH OF LEGAL CONTRACTS.

IT IS A FACT THAT, UNDER NEW YORK LAW, THE ISSUE, IN THIS DISPOSITIVE MOTION, IS BREACH OF FIDUCIARY DUTY AND BREACH OF LEGAL CONTRACTS. AS IN MALMSTEEN V. BERDON, SUPRA. ALSO SEE RE GARSON, SUPRA.

6. IT IS A FACT THAT, IN THE STATE OF NEW YORK; A CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY, HAS A SIX YEAR STATUTE OF LIMITATION. AND SINCE THERE WERE THREE BANKS CONTRACTS, PLAINTIFF ASSERTING LIABILITY IN THE CONTRACTUAL RELATIONSHIP OF PARTIES. AS IN BARAVIA V. KOZLOWSK, 94 A.D. 2d 454, 464 N.Y.S. 2d 803, 807-08 (1983) ALSO SEE THE CASE OF SEARS ROEBUCK 767 & CO. V. ENCO ASSOC. 43 N.Y. 2d 389, 401 N.Y.S. 2d 767, 372 N.E. 2d 555-558 (1977) SEE ALSO GEBHARDI V. ALLSPEC INC. 96 F.SUPP. 331, 335 (S.D.N.Y. 2000).

## ACCOUNTABILITY AND LIABILITY

→ BEEN UNABLE TO DO SO, RENDERS THEM LIABLE. AS IN RE-GARSON, SUPRA AND MALMSTEEN V. BERDON, L.L.P. 369 FED. APPX 248 (C.A. 2 N.Y 2010), 42 U.S. CA. 2010), BIGELOW V. R.K.O. RADIO PICTURES 327 U.S. 251 (U.S. ILL 1946)

IT IS A FACT THAT UNDER NEW YORK LAW, THEY DO NOT NEED TO PROVE OR PROOF THAT THEY WERE A PARTY OR WOULD HAVE BEEN A PARTY TO ANY PAST, PRESENT OR FUTURE BUSINESS RELATIONS OR CONTRACTUAL AND PROSPECTIVE RELATION SHIP WITH THEIR BUSINESS ASSOCIATES.

IT IS A FACT THAT, ALL THE DEFENDANTS FAILED TO COLLECT PLAINTIFFS PROPERTY AS THEY PROMISED. AS IN MALMSTEEN V. BERSON LLC. "SUPRA" CASE. AND RE: GARSON, SUPRA, AND BIGELOW V. R.K.O. RADIO PICTURES, (U.S. SUPREME COURT CASE. ALL THESE CASES, THE DEFENDANTS WERE MADE TO PAY BACK ⇒

12.

WRONGFUL MEANS:

⇒ PLAINTIFFS:

IT IS A FACT THAT, VALID CONTRACTS ARE NOT NECESSARY, AS IN THE CASE OF, HANNEX CORP. V. GMT. INC. 140 F3d 194 (C.A. 2d, N.Y. 1998). ALSO SEE RESTATEMENT (SECOND) OF TORTS SEC. 766B CMT C (1979). ALSO SEE PPX ENTERS INC. V. AUDIO FIDELITY INC. 818F. 2d 266, 270 (C.A. N.Y. 1987). S.K. SALES V. NIKE INC. 816F 2d 843 (C.A. 2 N.Y. 1987). HANNEX CORP. V. G.M.T. INC. 140 F3d 199 (C.A. 2d N.Y. 1998) AND N.B.T. BANCORP INC V. FLEET/NORSTAR FIN. GROUP. INC. 87 N.Y. 2d 614, 621, 641 N.Y.S. 2d 581-586, (1996).

IT IS A FACT THAT, UNDER NEW YORK LAW DEFENDANTS AS FIDUCIARIES OF PLAINTIFFS HAD A DUTY, TO COLLECT, ACCOUNT DOCUMENT AND CREDIT INTO PLAINTIFFS ACCOUNTS, ALL THE 235 INCOMING LETTERS OF CONTRACT THAT IS THE STANDARD BY WHICH THEY ARE HELD TO ACCOUNT AND TO THE EXTEND THAT, THEY HAVE ⇒⇒

13

## → → CONTRACTUAL RELATIONSHIP
### TO COLLECT

9. IT IS A FACT THAT, THERE WAS A
CONTRACTUAL RELATIONSHIP BETWEEN
PLAINTIFF AND THE DEFENDANTS BANKS
ET. AL.

10. IT IS A FACT THAT, THE DEFENDANTS
LENDING INSTITUTIONS BREACHED THE
FIDUCIARY DUTY AND THE LEGAL CONTRACT,
THEY ARE DEFINITELY ACCOUNTABLE
AND LIABLE TO PLAINTIFFS' LOSES. THEY
ARE THE WRONGDOERS, THEY MUST
PAY BACK WHAT THEY OWE PLAINTIFF
AS IN THE CASE OF MALTISTEEN V.
BERDON, L.L.P. SUPRA AND CASE OF
REGARSON. WHEREBY BOTH THESE
CASES, THE COURT FOUND THAT THE
DEFENDANTS BREACHED THEIR FIDUCIARY
DUTY TO COLLECT PLAINTIFFS MONEY.
THEREFORE, THEY WERE ORDERED BY COURT TO
PAY BACK ALL THE FUNDS THEY FAILED
TO COLLECT. "THEY DID PAY BACK" ALL
THE FUNDS THEY FAILED TO COLLECT.

14

11. IT IS A FACT THAT; UNDER NEW YORK LAW, THIS COURT MUST ORDER THESE DEFENDANTS TO PAY BACK PLAINTIFFS PROPERTY (FUNDS/MONEY AS THE LAW COMMANDS. SEE; MALMSTEEN V. BERDON LLP. SUPRA, ALSO RE; GARSON SUPRA. AND B. IGELOW V R·K·D. RADIO PICTURES 327 U.S. 251 (1946 U.S. SUPREME COURT) (BIGELOW V. R·K·D. RADIO PICTURES. ——→ ⇒ 327 U.S. 251 (1946 U.S. SUPREME COURT.) × OSCA GRUSS AND SON, INC. V. HOLLANDER. 337 F.3d (C.A.2, 2003)

12. IT IS A FACT THAT THE DEFENDANTS ARE THE WRONG DOERS THE TORT FEASORS, THEY ARE ACCOUNTABLE AND LIABLE TO THE PLAINTIFFS, WHO ARE THE NON-BREACHING PARTY FOR DAMAGES I MUST PUT THE PLAINTIFFS THE NON-BREACHING PARTIES IN AS GOOD A POSITION AS IF THE BREACH HAS NOT OCCURRED. SEE: OSCAR GRUSS, 337 F.3D AT 186, ALSO INDU CRAFT INC. V. BANK OF BARODA, 47 F.3d 490, 496 (C·A·2ND N·Y 1995) ALSO MALMSTEEN V. BERDON, LLP, 369 FED APPX 248 (C·A·2 N·Y 2010).

15.

IN CONTEXT OF MALICIOUS PROSECUTION

- TAGARE V. N.Y. NEX NETWORK

SYSTEM CO. 921 F. SUPP. 1146 (

S.D. N.Y. 1996). (S.D. N.Y. 1996)

IT IS A FACT THAT UNDER NEW YORK

STATE LAWS, IN CONTEXT OF

MALICIOUS PROSECUTION, ACTUAL

MALICE CAN RARELY BE ESTABLISHED

THROUGH DIRECT EVIDENCE AND THUS

MAY BE PROVEN THROUGH CIRCUMSTANCIAL

EVIDENCE, AS IN ROUNSEVILLE V.

ZAHL, 13 F. 3d 625 (C.A. 2 CIRCUIT,

N.Y. 1994).

IT IS A FACT THAT UNDER NEW YORK

LAWS PLAINTIFFS LOSS OF BUSINESS

PROFITS CONTRACTS, FUTURE BUSINESS

PROFITS, CONTRACTS AND GOOD WILL

AS CONSEQUENCES OF DEFENDANTS

16

WRONG, MALICIOUS ACTIONS ALLEGED
ELSE WHERE IN COMPLAINTS MAY
BE RECOVERED WITHOUT PLEADING
THEM AS SEPARATE CAUSE OF
ACTION. SEE: ADVANCE MARINE
TECHNOLOGIES INC. V. BURNHAM
SECURITIES INC. 16 F. SUPP. 2d
375 (S.D.N.Y. 1998, ALSO WHITNEY
V. CITIBANK, 782   F2d 1106
(C.A. 2ND CIRCUIT N.Y. 1986.)

IT IS A FACT, THAT IN THE STATE OF
NEW YORK LAWS, IN APPROPRIATE
CASES OF BREACH OF BREACH OF
FIDUCIARY DUTY AND BREACH OF
CONTRACT, NEW YORK LAW GRANTS
LOST PROFITS AS AN ELEMENT OF →≫

17

→→→ DAMAGES:

ALSO, MERLITE V. VALASSIS 12 F.
3d. 373.

IT IS A FACT THAT, UNDER NEW YORK
STATE LAWS, DEFENDANTS MUST PAY
PLAINTIFF JAMES P. TTAHINA, THE
AMOUNT OF U.S. $150.⁰⁰ BILLIONS
PER YEAR FROM 2005 UNTIL
NOW + INTEREST SINCE THAT IS THE
AMOUNT OF COMPENSATION THAT HE
WAS GOING TO BE PAID IF THE DEFENDANTS
HAD PERFORMED THEIR FIDUCIARY DUTY
OWED PLAINTIFFS, + TAX + INTEREST. (SALARY

31.    IT IS A FACT THAT, UNDER NEW YORK
LAW, DEFENDANT MUST PAY PLAINTIFF
JAMES P. TTAHINA, THE C.E.O, THE PRESIDENT
OF J.&W. TRADING & LEASING INC.    →→→

18

## AMOUNT OF DAMAGES:

→ 2) THE SUM OF U.S. $ 30°° BILLIONS

PER YEAR FROM 2005 TILL 2015, FOR

EACH YEAR THAT HE SPENT IN

MAXIMUM JAILS AND PRISONS FOR THE

FRAUDULENT FALSE WRONGFUL, BOGUS

CRIMINAL CHARGES THAT WERE UNANIMOUSLY

REVERSED BY N.Y. SUPREME COURT AND INDICTMENT

DISMISSED. A VERY PAINFUL

INCARCERATION, FOR MORE THAN

10 YEARS. + INTEREST AND TAXES.

IT IS A FACT THAT UNDER NEW YORK LAW

BREACH OF FIDUCIARY DUTY AND LEGAL

CONTRACTS ARE MEASURED FROM DATE OF

THE BREACH, AS IN THE CASE OF;

OSCAR GRUSS AND SON INC. V. →

19

HOLLANDER, 337 F.3d 186 (C.A.2, 2003).
N.Y. SECOND CIRCUIT 2003)

IT IS A FACT THAT, UNDER NEW YORK
STATE LAW, ALTHOUGH THE AMOUNT OF
RECOVERABLE DAMAGES IN BREACH OF
FIDUCIARY DUTY CASE IS A QUESTION OF
FACT, THE MEASURE OF DAMAGES UPON
WHICH THE FACTUAL COMPUTATION IS
BASED IS A QUESTION OF LAW. SEE:
OSCAR GRUSS AND SON, INC. V.
HOLLANDER, 337 F.3d 186 (2d.
CIRCUIT, NEW YORK, 2003).
IT IS A FACT THAT, UNDER NEW YORK
STATE LAW. A FIDUCIARY IS NOT
AUTHORIZED TO VIOLATE THE TERMS OF
A TRUST MERELY TO MINIMIZE LEGAL →

20

⟹ LIABILITY TO ITSELF.

DEFENS.

IT IS A FACT THAT UNDER NEW YORK LAWS
AND U.S.A. CONSTITUTION, PURSUANT
TO TITLE 31 U.S.C.A 5318 (G)(3), AND
TITLE 42, U.S.C.A. 1985 (3) ALL THE
DEFENDANTS VIOLATED FIDUCIARY DUTY AND
RREACHED FIDUCIARY DUTY AND LEGAL CONTRACTS
OWED PLAINTIFFS.

JURISDICTION

21

⇒ LIABILITY TO ITSELF

~~THEY PARTICIPATED WITH FIDUCIARY~~

1. IT IS A FACT THAT ALL THE DEFENDANTS PARTICIPATED WITH FIDUCIARIES IN BREACHING FIDUCIARY DUTY AND LEGAL CONTRACTS, OWED PLAINTIFF, JAMES P. MHINA.

2. IT IS A FACT THAT ALL THE DEFENDANTS CONSPIRED WITH THE LENDING INSTITUTION TO BRING FRAUDULENT BOGUS, FALSE CRIMINAL CHARGES TO HIDE THEIR BREACH OF FIDUCIARY DUTY.

3. IT IS A FACT THAT UNDER NEW YORK LAW, DEFENDANTS FALSELY TESTIFIED BEFORE ONONDAGA GRAND JURY TO SECURE FRAUDULENT INDICTMENT AND TESTIFIED AT A WRONGFUL TRIAL TO GET A FRAUDULENT CONVICTION AND A LONG WRONGFUL SENTENCE.

4. IT IS A FACT THAT, AFTER PLAINTIFF WAS CRIMINALLY CONVICTED, AND IMPRISONED, ⇒

22

THEY PARTICIPATED WITH FIDUCIARY.

➤4.    THE DEFENDANTS WERE ABLE TO FREELY MANIPULATE PLAINTIFFS BUSINESS BANK ACCOUNTS WITHOUT HIS PERMISSION SINCE HE WAS IN PRISON DOING TIME OF 12½ YEARS TO 24 YEARS. IN NEW YORK STATE CORRECTION FACILITIES, WITHOUT COMMITTING ANY CRIME, COMMITTED.

5.    IT IS A FACT THAT; UNDER NEW YORK LAWS IS THAT; ONE WHO PARTICIPATES WITH FIDUCIARY IN A BREACH OF FIDUCIARY DUTY AND LEGAL CONTRACTS OWED PLAINTIFFS IS "LIABLE" TO THE BENEFICIARIES FOR ANY DAMAGES CAUSED THEREBY. SEE WHITNEY V. CITIBANK N.A 782 F.2d 1106, (C.A.2 N.Y. 1986). ALSO SEE; — S&K SALES CO. V. NIKE INC 816 F.2d 843 (C.A. N.Y. 1987). WECHSLER V. BOWMAN, 285 N.Y. 284, 291, MODIFIED 286 N.Y. 582 (1941) SEE SCOTT ON TRUSTS SECTION 506 (3RD EDITION (1967). ALSO; 42 U.S.C.A. 1985 (3) "LIABLE" ➤➤

23

## DEFENDANTS

1. JOHN CRUIZE, V.P. OF SECURITY SYRACUSE AREA. CITIZENS BANK, N.A. ET.AL.

2. CATHELEEN NASH, C.E.O. AND PRESIDENT CITIZENS BANK N.A. ET.AL.

3. BETH VAN DOREN, A. DISTRICT ATTORNEY ONONDAGA COUNTY, ET.AL.

4. ONONDAGA COUNTY. ET.AL.

5. KEYBANK, NA-ET.AL

6. LINDA MOSSULU. V.P SECURITY KEY BANK NA.

7. AMY BIDWELL, BANK OF AMERICA, BRANCH MANAGER

8. BANK OF AMERICA, N.A. ET.AL.

24

⟹ SEE: BIGELOW V. RADIO PICTURES
R.K.O. SUARA.

· ALL THE DEFENDANTS ARE ACCOUNTABLE
AND LIABLE FOR THE FOLLOWING ACTS:

1.  IT IS A FACT THAT UNDER NEW YORK
LAWS AND U.S. CONSTITUTION

(A).  WRONGFUL FALSE ARREST AND
MALICIOUS PROSECUTION OF JAMES P.
MHINA, WITHOUT ANY PROBABLE CAUSE,
BUT MALICE AND FRAUD BY THE
DEFENDANTS.

(B)  WRONGFUL AND UNJUST INDICTMENT
WITHOUT ANY PROBABLE CAUSE BY
DEFENDANTS LIED BEFORE ONONDAGA COUNTY
GRAND JURY, TO SECURE A TAINIED,
WRONGFUL INDICTMENT.

25

(C) UNJUST CONVICTION FOLLOWING A TRIAL WITH FRAUDULENT FALSE EVIDENCE IRRELEVANT WRONGFUL EVIDENCE WITH LIES.

(D) WRONGFUL AND UNJUST LONG SENTENCE

(E) INFLICTION OF UNJUST PAST PRESENT AND FUTURE PHYSICAL AND MENTAL PAINS;

(F) UNJUST PRECONVICTION, INCARCERATION AND AFTER REVERSAL INCARCERATION.

(G) DEPRIVATION FROM "LIBERTY" HUMILIATION, DEGRADATION, THE ANGUISH AND PSYCHOLOGICAL IMPACT FOR SOME ONE WITH PROSECUTION OF POSSESSION OF FORGED INSTRUMENT AND PETITS LARCENY LOOMING OVER HIM.

26

# DEFENDANTS HAD LEGAL DUTY

1. IT IS A FACT THAT UNDER NEW YORK STATE LAW, DEFENDANTS HAD A LEGAL DUTY AS PLAINTIFFS FIDUCIARIES.

2. IT IS A FACT THAT THE DAY WHEN THE DEFENDANTS SIGNED BANK CONTRACTS WITH PLAINTIFFS TO BE THE SOLE BANKS TO COLLECT PLAINTIFFS LETTERS OF CREDIT AND CASH TRANSFERS FROM PLAINTIFFS BUSINESS ASSOCIATES.

3. IT IS A FACT THAT: IT IS NOT NECESSARY TO PROVE THAT PLAINTIFFS WERE GOING TO BE A PARTY TO ANY FUTURE CONTRACTS WITH THEIR BUSINESS ASSOCIATES.
   SEE: RESTATEMENT (SECOND) OF TORTS SECTION 766B CMT (1979) PPX ENTERS INC. V. AUDIO FIDELITY ENTERS INC 818 F. 2d 266, 270. (C.A. 2d N.Y. 1987.) HANNEX CORP. V. GMI INC. 140 F. 3D, 194 (C.A. 2 NY 1998).

27

4. IT IS A FACT THAT, PURSUANT TO NEW YORK LAWS; PLAINTIFFS' REPUTATION, PRESTIGE, GOOD WILL, AND BUSINESS HAVE BEEN GREATELY DAMAGED AND WOULD BE DAMAGED IN THE FUTURE. IT IS A FACT THAT THIS PLEADING IS SUFFICIENT TO PLEAD GENERAL DAMAGES, IN AN ACTION FOR TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS EXPECTANCY —

IT IS A FACT THAT THE REASONABLE INFERENCE IS THAT, PLAINTIFFS HAVE LOST CUSTOMERS, THEIR BUSINESS ASSOCIATES WORLD WIDE.

IT IS A FACT THAT, IN THIS DISPOSITIVE CIVIL CASE, THE HONORABLE JUDGE BRENDA K. SANNES WILL BE FAIR AN STRONG ENOUGH TO DETERMINE PLAINTIFFS DAMAGES. AS THE LAW DEMANDS: AS IN THE CASE OF MALMSTEEN V. BERDON, SUPRA, ALSO RE: GARSON, SUPRA, ALSO ASFELOW V. R.K.O. RADIO PICTURES SUPRA AND MANY OTHERS NAMED HEREIN. BY U.S. SUPREME COURT ORDER. [THE BIGELOW V. R.K.O. PICTURES) SUPRA.

28

## THE PREVAILING PLAINTIFFS

VIOLATION OF BREACH OF FIDUCIARY
DUTY AND BREACH OF LEGAL CONTRACTS.
OWED PLAINTIFFS, MAKE PLAINTIFFS TO
BE THE PREVAILING PLAINTIFFS.
PREVAILI PLAINTIFF MUST BE REIMBURSED.

1. IT IS A FACT THAT PLAINTIFFS CIVIL AND
CONSTITUTIONAL RIGHTS GUARANTEE OF
EQUAL RIGHTS DUE PROCESS OF THE
14 th AMENDMENT.

2. THIS HONORABLE COURT MUST ORDER
DEFENDANTS TO PAY BACK PLAINTIFFS
THEIR PROPERTY THEY FAILED TO COLLECT
AND ALSO, TO ORDER DEFENDANTS ALL
THE GENERAL PROFITS THAT PLAINTIFFS
WOULD HAVE MADE IF DEFENDANT WOULD
NOT HAVE BREACHED THEIR FIDUCIARY DUTY
AND LEGAL CONTRACTS.

PREPARED AND PRESENTED BY:-

JAMES P. MTHINA, PRO SE, PLAINTIFF
540 SEYMOUR STR #3
SYRACUSE, N.Y. 13204
PHONE: 315-883-7623.

29