UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JAMES P. MHINA,

                              Plaintiff,                    5:22-cv-427 (BKS/ML)

v.

CITIZENS BANK, N.A., et al.,

                              Defendants.
_____

**Appearance:**

*Plaintiff pro se:*
James P. Mhina
Syracuse, NY 13204

**Hon. Brenda K. Sannes, Chief United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

       Pro se plaintiff James P. Mhina brought this action against fourteen Defendants[1] asserting claims under 42 U.S.C. §§ 1983, 1985, as well as claims for "breached fiduciary duty, unjust enrichment, [and] breach of contract." (Dkt. No. 6, at 13). On December 5, 2022, the Court issued an order to show cause directing Plaintiff to set forth why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) for failure to serve the eight remaining Defendants and/or pursuant to Federal Rule of Civil Procedure 41(b) for failure to

---

[1] Plaintiff sued: (1) Citizens Bank, N.A.; (2) Bank of America, N.A.; (3) Key Bank, N.A.; (4) Woodhaven Apartments and Vinod Luthra, "President, C.E.O. Woodhaven Apartment" (together, the "Woodhaven Defendants"); (5) John Cruize, "V.P. Security, Key Bank"; (6) Onondaga County; (7) Beth VanDoren, "A.D. Attorney, Onondaga County"; (8) Cathleen Nash, "C.E.O., President of Citizens Bank"; (9) Amy Bidwell, "Bank of America Bank Branch Manager"; (10) City of Syracuse, Syracuse City Police Detective Anthony Collavita, and Syracuse City Police Detective David Burske (together, the "City Defendants"); and (11) Linda Mossulu, "V.P. Key Bank." (Dkt. No. 6 (amended complaint)).

comply with Court orders. (Dkt. No. 58). Plaintiff has filed two submissions since the Court's December 5 order. (Dkt. Nos. 59, 60). For the following reasons, the Court dismisses this case without prejudice under Rule 4(m) for failure to serve the eight remaining Defendants.

## II.    BACKGROUND

The Court assumes familiarity with the procedural and factual background of this case, as set forth in its November 1 and December 5, 2022 decisions. (*See* Dkt. Nos. 51, 58). As most relevant for purposes of this decision, the Court issued a ruling on November 1, 2022 which dismissed Plaintiff's claims against Citizens Bank, the Woodhaven Defendants, and the City Defendants. (Dkt. No. 51). The Court also directed Plaintiff to file either proofs of service as to the eight remaining Defendants—who have not appeared in this action—or a detailed status report addressing the completion of service on those Defendants.[2] (*Id.* at 15–16). In its December 5, 2022 decision, after denying Plaintiff's motions for summary judgment and reconsideration, the Court again addressed the issue of service on the eight remaining Defendants. (*See generally* Dkt. No. 58). Because Plaintiff had not filed proof of service as to any Defendant or a detailed status report regarding service as directed by the Court, the Court ordered Plaintiff to show cause why this action should not be dismissed for failure to serve the remaining Defendants. (*Id.* at 5–7). The Court also recognized that Plaintiff had failed to comply with four Court orders directing him to file either proofs of service or a detailed status report and therefore also directed Plaintiff to show cause why this action should not be dismissed for failure to comply with those orders. (*Id.* at 7).

---

[2] The eight Defendants who have not appeared in this action are Bank of America, N.A., Key Bank, N.A., John Cruize, Onondaga County, Beth VanDoren, Cathleen Nash, Amy Bidwell, and Linda Mossulu.

Since the issuance of the order to show cause, Plaintiff has filed two submissions. First, on December 15, 2022, Plaintiff filed a "dispositive motion" concerning his claims. (Dkt. No. 59). This twenty-nine-page submission generally argues that Plaintiff's claims are not "moot" and makes arguments regarding the merits of his claims and his alleged damages. (*See generally id.*). On December 22, 2022, Plaintiff filed a "motion letter" which generally argues that his claims have not been litigated previously. (*See* Dkt. No. 60). Neither submission mentions the issue of service or Plaintiff's failure to comply with Court orders.[3]

### III. DISCUSSION

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* The Second Circuit has "held that district courts have discretion to grant extensions, and may do so even in the absence of 'good cause.'" *Meilleur v. Strong*, 682 F.3d 56, 61 (2d Cir. 2012) (citing *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007)). Prior to dismissing a complaint for lack of service, a district court must give "notice to the plaintiff and provid[e] an opportunity for [him] to show good cause for the failure to effect timely service." *Id.* (citation omitted).

Here, more than 150 days have passed since the expiration of the service deadline set by Rule 4(m). To date, Plaintiff has not filed proof of service on any Defendant; nor has he requested an extension of time to complete service. The Court has reminded Plaintiff on multiple

---

[3] Furthermore, Plaintiff's arguments that his claims are not "moot" and have not been litigated previously are not germane. These arguments are not relevant to the issues raised by the Court's order to show cause, and the Court has not held that Plaintiff's claims are moot or have been previously litigated.

occasions of his obligation to effectuate service and file proofs of service, (Dkt. Nos. 17, 24, 34; *see also* Dkt. No. 51, at 14–16), to no avail. There is no indication that service is imminent. The Court's December 5, 2022 order to show cause expressly advised Plaintiff that his failure to show good cause for the failure to serve may result in dismissal of his claims. (*See* Dkt. No. 58, at 6–7 ("The Court hereby gives Plaintiff notice that it may dismiss his claims pursuant to Rule 4(m) if he is unable to show good cause for the failure [to serve].")).[4] Furthermore, Plaintiff has disregarded the Court's order to show cause and has utterly failed to address the issue of service. Plaintiff therefore has plainly not shown good cause for his failure to effectuate service or file proofs of service. *See AIG Managed Market Neutral Fund v. Askin Capital Mgmt., L.P.*, 197 F.R.D. 104, 108 (S.D.N.Y. 2000) ("The plaintiff bears the burden of proof in showing that [he] had good cause in not timely serving the defendant." (citations omitted)).

Thus, the Court concludes that dismissal of Plaintiff's claims against the eight Defendants who have not appeared in this action is warranted pursuant to Rule 4(m).

## IV.  CONCLUSION

For these reasons, it is hereby

**ORDERED** that Plaintiff's claims against Defendants Bank of America, N.A., Key Bank, N.A., John Cruize, Onondaga County, Beth VanDoren, Cathleen Nash, Amy Bidwell, and Linda Mossulu are **DISMISSED without prejudice** pursuant to Federal Rule of Civil Procedure 4(m); and it is further

**ORDERED** that the Clerk of the Court is directed to close this case; and it is further

---

[4] Plaintiff was also warned in the Court's November 1, 2022 ruling that his failure to comply with the Court's order directing him to file either proofs of service or a detailed status report addressing the completion of service on the eight remaining Defendants could result in sanctions, up to and including dismissal of his case. (Dkt. No. 51, at 15–16).

**ORDERED** that the Clerk of the Court is directed to serve this Memorandum-Decision and Order to Show Cause on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: <u>January 9, 2023</u>
Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
Chief U.S. District Judge

5